Royce & Company *et al. vs.* Gazan, and *vice versa.*

1. When the facts are conclusive that the claimant was in possession when the levy was made, his admission that defendant in *fi. fa.* then had possession, should not work his right to open and conclude the argument. No falsehood should work advantage to any litigant in any court of justice.

2. Such admission, thus made *in judicio*, should preclude the claimant from denying afterwards its truth, but the fact of the possession of defendant after alleged sale to him should stand against him as a badge of fraud.

3. The right to open and conclude, especially on the trial and sifting

of facts to unravel the subtleties of fraud, is an important legal right, and, if improperly denied, demands the grant of a new trial.

4. If there be no witness to a writing, anybody who knows the hand-writing of the maker may prove it; especially would it be wrong to require the party to call his adversary to prove his own hand-writing, and thus make that adversary his own witness.

5. A party may testify to his intention. It is evidence to be considered, but the facts—all the facts—are to be considered, to arrive at the truth respecting his real motive.

6. As the case is to be tried over, it is useless to pass on the newly discovered evidence as a ground for new trial.

7. Nor would it be fair to pass upon the merits of the great question of fraud or no fraud.

8. The motion for a new trial should not have been dismissed. The brief of evidence was approved, subject to corrections, in the time allowed, and filed in time, and afterwards corrected and approved in full.

Judgment reversed on original bill of exceptions and affirmed on cross-bill. (Head-notes by the court.)

October 20, 1885.

JACKSON, Chief Justice.

[Attachments in favor of H. A. Royce & Co. and Loomis & Hart were levied upon a stock of goods and a house and lot, as the property of Nathan Gazan, and Simon Gazan interposed a claim thereto. The cases were tried together by agreement.

The claimant's title rested upon a purchase claimed to have been made from the defendant in payment of a pre-existing indebtedness, except a balance, which was paid to the defendant in money. These debts were evidenced by certain notes and drafts. The plaintiffs denied the *bona fide* making of this sale, and insisted that the alleged transfer was fraudulent.

The jury found the property not subject. The plaintiff moved for a new trial, on the following grounds:

(1) to (3). Because the verdict was contrary to law and evidence.

(4.) Because the court erred in overruling plaintiff's objection to the admission of the notes and drafts purport-

ing to be signed by Nathan Gazan, upon proof of the execution of the same by the evidence of J. G. McCall that he was acquainted with the handwriting, that the signatures were Gazan's signatures, and that the notes shown were the identical notes delivered to him as attorney for Nathan Gazan in payment for the goods;—the objection being that said Gazan was present in court and that his evidence would be the best evidence of their execution.

(5.) Abandoned.

(6.) Because the court erred in allowing the claimant to assume the burden of proof, with its consequent rights and privileges, by admitting possession of the property levied on in the defendant at the time of the levy, over the objection of plaintiff's counsel on the ground that the claimant had no right to make such admission and assume such *onus* over plaintiff's objection; that said admission was false; that, as a matter of fact, the possession was in the claimant, and that the court should hear evidence as to the possession and by the proof determine where to place the *onus.*

(7.) Because the court erred in continuing said ruling of force, and allowing claimant's counsel to conclude, after it appeared to the court from the testimony of the claimant himself (and which was conceded by plaintiff) that the possession of said property was in said claimant at the time of the levy. [The court certified that the order of arguments was arranged by counsel themselves, under the previous ruling of the court.]

(8.) Because the court erred in allowing the following question to be asked claimant by his counsel, to-wit: " What was your object in buying this stock of goods from Nathan ? " over plaintiff's objection, because intention or purpose could not be proved in that way, it being specially a conclusion to be derived from the facts.

(9.) And the following question, to-wit: " State your knowledge, if any, of any intention of Nathan Gazan to

hinder or defraud his creditors," over plaintiff's objection, the same as set forth in preceding ground.

(10.) Because the court refused to allow plaintiff's counsel to ask Simon Gazan if he had not failed recently.

(11) to (14.) Abandoned in argument.

(15.) Because of newly discovered evidence.

The motion was overruled, and the plaintiff excepted.

They were allowed, by consent order, thirty days after adjournment of court in which to file a brief of the evidence. On the last day allowed, a brief of the evidence was presented to the judge, who entered on it "Examined and approved, subject to future corrections, if necessary." It never was agreed on by counsel. Subsequently, a motion to dismiss the motion for a new trial was made, because the brief of evidence was not properly agreed on, approved and filed within the terms of the order. Certain corrections were made in the brief, and the court finally approved it. He overruled the motion to dismiss, and the claimant filed a cross-bill of exceptions.]