WILLIS vs. JEFFERSON.

1. Where to the foreclosure of a chattel mortgage a defence was filed, alleging " that the agreement to pay the sum of eighty-five dollars, mentioned in the mortgage, was usurious, in that the goods sold by plaintiff in *fi. fa.* to defendant were worth, at cash prices, only the sum of fifty dollars, and that the sum of thirty-five dollars was charged as credit on said sum, and amounted to more than one hundred per cent per annum," this was insufficient as a plea of usury, and was properly stricken on demurrer. It failed to show any contract for a cash price, or for extending the time, or forbearing to collect for a greater rate of interest than the law allows.

2. A stipulation in a mortgage that, if the mortgagor failed to pay promptly, the mortgagee might take possession of the property and sell it at either public or private sale, did not restrict the enforcement of the mortgage to that method or deprive the mortgagee of the remedy given by law. The agreement merely conferred a cumulative remedy, and a demand for the property was · not necessary as a condition precedent to foreclosure

November 17, 1885.

Usury. Pleadings. Mortgage. Before · Judge WILLIS. Chattahoochee Superior Court. March Term, 1885.

Reported in the decision.

JOSEPH F. POU, for plaintiff in error.

HATCHER & PEABODY, for defendant.

HALL, Justice.

To a *fi. fa.* issuing from the foreclosure of a chattel mortgage, the defendant, after the same was levied, filed a counter-affidavit, and set up, among other things, as a defence thereto, " that the agreement to pay the sum of eighty-five dollars mentioned in the mortgage was usurious, in that the goods sold by plaintiff in *fi. fa.* to defendant were worth, at cash prices, only the sum of fifty dollars, and that the sum of thirty-five dollars was charged as credit on said sum, and amounted to more than one hundred per

cent per annum." To this ground of defence a demurrer was taken, which was sustained by the court, and to this judgment, on demurrer, the affiant excepted, and this is the first error alleged. ·

1. As a plea of usury, this was obviously insufficient. It does not allege that any cash price was charged or agreed upon for the goods, or that any contract was made for extending time of payment, or that there was any understanding as to the difference between cash and credit prices. No intention to take usury is imputed to the plaintiff. It does not seem to have been in his contemplation to reserve or take, or that' he was contracting for the reservation or taking, either directly or indirectly, for the use of money, or for forbearance to collect the same, a greater rate of interest than was allowed by law. Code, §2051, 2057. A plea of usury without such averment is fatally defective. It tenders no issue which can go to a jury. See citations under §2051 of the Code. This defence sets forth nothing but a contract for the sale of goods on time; nothing was said about a sale for cash. Such a transaction is not usurious, as was decided in the case of *Irvin vs. Mathews* at the present term.

2. This mortgage contained a stipulation that, if the mortgagor failed to pay promptly, the mortgagee might take possession of the property and sell it either at public or private sale.· We do not understand that the mortgage could be enforced in no other manner than by the execution of this power, or that the plaintiff was thereby deprived of the remedy given by law to foreclose. The agreement gave him this power in addition to his legal remedies; it was merely cumulative, and did not impose upon him the necessity of making a demand for the property as a condition precedent to its foreclosure.

There was no error, therefore, in overruling the motion for a non-suit because of a failure to make the demand.

Judgment affirmed.