## SHARP v. HICKS.

1. Where a husband and wife filed a joint claim to land which had been levied upon, and the court thereafter allowed each to file an amendment alleging ownership of an undivided half of the land, and passed an order reciting that these amendments were allowed "so as to stand as separate claims, each for one undivided half-interest in the property," and no exceptions *pendente lite* were filed and allowed, it was too late twelve months afterwards to move to dismiss the original claim affidavit or the amendments to the same, it not appearing that the motion to dismiss was based upon any alleged inapplicability or insufficiency of the claim bond relatively to the claim as amended.

2. In view of the above recited order, there was no error in ordering, over objection of plaintiff's counsel, a trial of the claim of the husband separately from that of the wife.

3. There was no error in rejecting evidence of declarations alleged to have been made by the grantor, before conveying to the claimant and his wife the land in dispute, to the effect that the grantor had given one half or all the land to his daughter, the claimant's wife, it being strongly inferential from the evidence as a whole that at the times these alleged declarations were made the claimant and his wife were in possession of the property, and that the grantor was not; and there being no clear and positive evidence that the latter was in possession at any of the times when the alleged dec-

larations were made, and the conveyance reciting a valuable consideration, and not purporting to be founded in whole or in part upon any other.

4. A deceased witness, whose testimony was taken on a former trial and is reproduced through another witness who heard it, and is thus before the jury on a present trial of the same case, cannot be impeached by contradictory statements made by the deceased witness before he testified, no foundation for such impeachment having been laid by interrogating him as to such statements.

5. Where one honestly and in good faith purchased property from another who was at the time in failing circumstances, the mere fact that the consideration paid for the property was inadequate, would not authorize a creditor of the vendor, who afterwards obtained judgment against the latter, to subject the property to the satisfaction of his judgment by tendering, after a levy upon the whole, and pending the trial of an ordinary claim case, the price the claimant had paid for the property.

6. Where a conveyance is attacked by a creditor of the grantor as fraudulent, and the claimant, his son-in-law, stands upon a conveyance purporting to be made to him as a purchaser for value, evidence tending to show that the grantor was liable, at the date of the conveyance, as surety upon a tax-collector's bond, and that an execution for a large amount was, after the conveyance, issued thereon by the comptroller-general against him together with his principal and cosurety, is material; and the execution is admissible as *prima facie* evidence of the liability.

7. After the loss of account books in which the claimant kept accounts against his vendor of the land in controversy, evidence that the accounts were still open on the books until the present controversy had arisen was relevant evidence upon the question whether the land was paid for in whole or in part by extinguishing the accounts; and the fact whether the accounts remained open or were closed, or credited, not appearing from an abstract of the books preserved and put in evidence, it was error to exclude the offered testimony of the actual condition of the accounts on the books in this respect.

8. The requests to charge, so far as legal and pertinent, were covered by the general charge of the court; the charge excepted to was substantially correct; and there was no impropriety in the conduct of court or counsel, of which complaint is made in the motion for a new trial. *Judgment reversed.*

July 16, 1894.

Levy and claim. Before Judge RICHARD H. CLARK. Newton superior court. September term, 1893.

This case was formerly before the Supreme Court.

89 *Ga.* 311. It arose by the levy of an execution in favor of Sharp against Turner on certain land to which a joint claim was interposed by Hicks and wife. She was Turner's daughter. After the decision in 89 *Ga.*, claimants were allowed to amend their claim affidavit by Hicks claiming an undivided half-interest in the property, and his wife claiming (by separate affidavit) the other half-interest. The court ordered a trial of the claim of Hicks separately from that of his wife, on which trial the jury found the property not subject; and plaintiff's motion for a new trial was overruled.

G. W. GLEATON and CAPERS DICKSON, for plaintiff.
J. S. BOYNTON and E. F. EDWARDS, for claimant.