## RUSHING *v.* WORSHAM & COMPANY.

Where on January 18th merchandise was sold, "the cash price [of which] agreed upon between the parties" was $18.23, the sale itself not, however, being for cash, but distinctly on a credit until the first day of the following October, the transaction was not rendered usurious because the seller, in order to make a time price on the goods, added to the cash price the sum of $1.27, and included the amount thus arrived at in a promissory note which the purchaser gave after the latter date, securing the same by a mortgage on realty. The law recognizes the right of a seller to make a difference in his cash price and his time price for goods sold, and though in a given instance this difference may exceed eight per cent., the law as to usury is not applicable.

Argued February 2, — Decided March 5, 1898.

Foreclosure of mortgage. Before Judge Felton. Houston superior court. April term, 1897.

*M. G. Bayne*, for plaintiff in error.

*Hardeman & Moore*, contra.

LITTLE, J. On October 12, 1894, Rushing executed to Worsham & Co. a promissory note for $900, due November 11, 1895, together with a mortgage on certain real estate to secure the payment of the same. To a proceeding instituted by Worsham & Co., to foreclose this mortgage, Rushing filed a plea alleging that usury was included in and made a part of the consideration of the mortgage. From this plea it appears that, at intervals during the spring of 1894, Worsham & Co., sold to Rushing merchandise, to be paid for on October 1, 1894. In the plea the cash prices of the various bills of merchandise sold are set out, and the increased price at which they were charged to be paid for in October is shown, the difference between the cash price and the price at which they were charged being, as shown by the plea, eighteen per cent. Rushing amended his plea and alleged, as to one of the various transactions set out in the original plea, that the sum of $18.23 had been agreed upon between the parties as the cash price for the goods sold, whereas this item had been charged to become due October 1, 1894, at an increase of 18 per cent., being 10 per cent. above the legal rate of interest; wherefore Rushing alleged that the mortgage which was given to secure the note for the merchandise account, and in which this item was included at the increased price, was tainted with usury. The plea did not, however, allege that the goods were actually sold at the cash price; and moreover the note was given after the account matured in the fall. Worsham & Co. demurred to this plea and moved the court to strike the same on the following grounds: (1) The allegations in the plea are insufficient and too vague and uncertain. (2) The plea shows upon its face that it was for the purchase of merchandise on time prices; in other words, for merchandise purchased in the spring of 1894 and to be paid for October 1, 1894, and therefore a profit or per cent. on the said goods as between a cash price and a credit price for indulgence. (3) It does not allege a usurious rate of interest on money loaned, but simply shows a profit on the merchandise being paid for waiting or indulgence from date of purchase to the time of payment. (4) The plea is insufficient as appears upon the same, and does not set forth such facts as

to charge usury as required by statute. The court sustained the demurrer and struck the plea, and Rushing excepted.

By section 2877 of the Civil Code, usury is defined to be "the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." In testing the correctness of the judgment of the court striking the plea, it is only necessary to ascertain whether the facts alleged therein, which, under the demurrer, must be taken as true, are sufficient to bring the transaction within the purview of this provision of the code. The substance of the plea is, that Rushing purchased goods during the spring of 1894, which were not to be paid for until October 1, 1894, but that as to one of the items the cash price was agreed upon between the parties. It is true that where property is sold at a cash price, it is usury to stipulate for more than legal interest on deferred payments. 27 Am. & Eng. Enc. L. 999, and authorities cited. In the case of *Irvin* v. *Mathews*, 75 *Ga.* 739, it was held that where land was sold at a cash price, and time was given by the vendor to the purchaser upon a portion of the purchase-money, and a greater rate of interest than that allowed by law was charged on such deferred payments, the contract was usurious. However, where the parties act in good faith, and without design to evade the statute, they may lawfully agree that the price on credit shall be a certain sum designated as principal and a further sum designated as interest, though the latter exceeds the legal rate on the former for the period of credit. In other words, they may agree that both sums shall constitute the purchase-price payable at the time fixed. 27 Am. & Eng. Enc. L. 1000. It is not intended by the statute to prohibit a party from having two prices for his property — one a cash price and the other a time price. It is only intended thereby to prohibit the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of *money* than the lawful interest. Borum *v.* Fouts, 15 Ind. 50. It is not usury for one to sell property on credit for a higher price than he would have sold it at for cash and legal interest added. But if the sale be really made on a cash estimate, and

time be given to pay, and an amount is agreed to be paid greater than the cash price with legal interest would amount to, . this is a usurious agreement for the use of money. Ford *v.* Hancock, 36 Ark. 248. The authorities are clear and explicit that, to constitute usury, there must be a loan directly or indirectly, and that a real sale without any intent to loan, though it may be oppressive, can not be usurious. Tyler on Usury, 92. A person may sell his credit, his responsibility, his goods or his lands; and if he deals fairly, he may take as large a price for either as he can get, and there can be no usury in the case. Ibid. In the case of Garrity *v.* Cripp, 4 Bax. (Tenn.) 86, it was ruled that a note providing, "One day after date I promise to pay Pat Garrity $20.00 for forty bushels of corn at fifty cents per bushel, bearing interest at ten and a half per cent. If this note is not paid by the 8th day of July, the note is to be paid at sixty cents per bushel, or $24.00 bearing interest," etc., was not usurious, the court holding that one was the cash price and the other the time price. A vendor may prefer a given amount in hand to double the sum in expectancy, and a purchaser may prefer the greater price with the longer credit; and one who will not distinguish between things that differ may say, with apparent truth, that in such a case the purchaser pays a hundred per cent. for the use of the money or forbearance, but such a conclusion is manifestly erroneous. Such a transaction has none of the characteristics of usury. Brown *v.* Gardner, 4 Lea, 159, citing 1 Black. 118, 119. In the case of *Willis* v. *Jefferson*, 75 *Ga.* 743, it was held that: "Where to the foreclosure of a chattel mortgage a defense was filed, alleging 'that the agreement to pay the sum of eighty-five dollars mentioned in the mortgage was usurious, in that the goods sold by plaintiff in fi. fa. to the defendant were worth at cash prices only the sum of fifty dollars, and that the sum of thirty-five dollars was charged as credit on said sum and amounted to more than one hundred per cent. per annum,' this was insufficient as a plea of usury, and was properly stricken on demurrer. It failed to show any contract for a cash price, or for extending the time, or forbearing to collect for a greater rate of interest than the law allows." In the case of *Irvin* v. *Mathews*, 75 *Ga.* 739, supra,

it was ruled that "While it is lawful and not usurious to charge one price for property sold for cash, and a higher price for the same property if sold on credit, still, if the contract is that the property is to be sold at a cash valuation, and that certain payments are to be deferred in consideration that a greater rate of interest than that allowed by law is to be paid by the purchaser, then the contract would be usurious."

In transactions of this character, it is the duty of the court to look, not at the form and words, but at the substance of the transaction; and as on the one hand it should not pay attention to the words of the transaction or the manner in which it was negotiated, if the substance of it went to defeat the statute against usury, so on the other hand it ought not to rely upon the words, or form of the transaction, if in substance such transaction was legal.　Beete v. Bidgood, 7 B. & C. top page 206. If it should appear that the negotiations contemplated a cash price, the payment of which was simply to be deferred in consideration of the computation of interest thereon, then the taking or contracting to take a greater rate of interest than that allowed by the statute would be unlawful.　But such are not the facts of this case as they may be gathered from the plea of the defendant.　It is manifest from the allegations therein contained that the goods were sold on time.　They were purchased on a running account to be paid for in the fall; and the mere fact that it is alleged that a given item of the running account was of an agreed cash price, does not render the transaction usurious when it appears that it, in conjunction with the various other items of the running account, were sold on time, and that none of such items were agreed to be purchased at a cash price, and payments deferred.　It has been held that it is not usury to agree, upon the sale of goods at a certain price, that if payment be not made in thirty days, fifteen per cent. additional shall be included as part of the purchase-price. Bass v. Patterson, 68 Miss. 310.　It has also been held, that where the vendor of land asked $10,000 cash, but, the vendee being unable to pay cash, it was agreed that a deed and a bond and mortgage for $12,000 payable at a future date with interest should be executed, to be held by the vendor until he could

dispose of the bond and mortgage for $10,000, when he would deliver the deed, and this arrangement was carried out, the bond and mortgage were not usurious.    Brooks *v.* Avery, 4 N. Y. 225.    In the case of Reger *v.* O'Neal, 33 W. Va. 159, it was said: "Usury is interest exceeding the lawful rate for the loan or forbearance of money, and does not exist where such interest is essentially and honestly a part of the consideration in the purchase of land, even though it be called for in the form of a percentage on a principal sum and be called interest, and be in excess of the lawful rate; the interest in such case, of an honest purchase, where it is not a mere cover for what is in fact a loan, being as much a part of the purchase-price as that part appearing as the principal." These cases proceed upon the well-recognized doctrine, that a vendor may have a cash price and a time price for his goods, and that notwithstanding the difference between the cash price and the time price may exceed the lawful rate of interest, the sale will not be infected with usury so long as its appears that the price charged was that in fact fixed for the purchase of the goods on credit, and with no intention of invading or defeating the object and purpose of the usury laws.

The transaction, as it is made to appear from the allegations of the plea filed in the present case, was one of a sale of goods on credit, the price fixed was the time price for such goods, and the law as to usury is not applicable.

*Judgment affirmed.    All the Justices concurring.*