[No. 13733. Department One. May 23, 1917.]

GEORGE MURPHY, *Respondent,* v. JOSEPH V. PROSSER,
*Appellant.*[1]

ACTIONS — JOINDER OF CAUSES — CONTRACTS — SAME TRANSACTION.
Plaintiff may unite two causes of action, one upon a demand note,
and the other upon a note secured by mortgage, both of which arose
out of the same transaction, under Rem. Code, § 296, authorizing
the uniting of several causes of action when they arise out of con-
tract, or from the same transaction.

USURY—EVIDENCE—ADMISSIBILITY. In an action to recover on
notes given for the purchase price of property and advances for im-
provements thereon, evidence as to the value of the property has no
bearing upon the defense of usury.

SAME—EVIDENCE—SUFFICIENCY. In such an action, the fact that
the property was sold upon a long time mortgage with a moderate
rate of interest for $5,000 more than it was previously purchased
for, would not indicate that the inclusion of the $5,000 in the mort-
gage was colorable and usurious as a cloak or cover for a bonus or
forbearance.

Appeal from a judgment of the superior court for King
county, Clifford, J., entered June 9, 1916, upon findings in
favor of the plaintiff, in an action on promissory notes, tried
to the court. Affirmed.

*Douglas, Lane & Douglas,* for appellant.
*Chas. D. Fullen* and *J. F. Roy Erford,* for respondent.

MAIN, J.—In the complaint in this case, there are alleged
two causes of action, separately stated, the first upon a de-
mand note, unsecured; the second, upon a note secured by a
mortgage upon real estate. To the complaint, a demurrer
was interposed, upon the ground that the two causes of ac-
tion were improperly united. The demurrer being overruled,
the defendant answered and pleaded usury as a defense. The
charge of usury was denied by a reply. The cause was tried

[1]Reported in 165 Pac. 390.

to the court without a jury, and resulted in findings of fact, conclusions of law, and a judgment in favor of the plaintiff. The judgment upon the first cause of action was for $1,-471.40. Upon the second cause of action, the judgment was for $21,744.60, and for the foreclosure of the mortgage. The defendant appeals.

The facts are briefly these: Sometime during the month of August, 1903, the appellant and respondent contracted to purchase from the then owner a certain tract of land on the western slope of the Cascade mountains, referred to in the evidence as the Scenic Hot Springs property. The purchase price was $19,000 cash, one-half of which was advanced by each of the purchasers, and they became the owners of the property as tenants in common with equal moieties. On January the 27th, 1904, the respondent sold his half interest in the property to the appellant for $14,500. Prior to this time, the respondent had advanced to the appellant $2,500. To cover this advancement and the purchase price, the appellant executed three notes, one for $7,000, and two for $5,-000 each. These notes were not due until five or six years after date, and contained a renewal provision for five additional years at the election of the maker. The interest rate provided in the notes was six per cent per annum, and in the case of renewal, seven per cent per annum. The notes were secured by a mortgage upon the Scenic Hot Springs property. On or about April the 1st, 1904, the appellant gave to the respondent a second mortgage upon the property to secure the payment of $7,000, which had been advanced by the respondent to the appellant for the purpose of making improvements upon the property. On February 8th, 1909, there being a balance due the respondent upon the previous transactions between the parties of $16,500, to cover this amount two notes were given, one for $1,500 on demand, unsecured, and the other for $15,000, due three years after date, secured by a mortgage upon the property. The $1,-500 note is the basis of the first cause of action. The second

cause of action is predicated upon the $15,000 note and mort-gage.

It is first claimed that the demurrer to the complaint should have been sustained because the two causes of action were improperly united. The answer to this contention is found in the statute. Rem. Code, § 296, provides that:

"The plaintiff may unite several causes of action in the same complaint, when they all arise out of,—

"(1)   Contract, express or implied; or   .  .  .

"(8)   The same transaction."

Under either of these subdivisions of the statute, the demurrer was properly overruled.

Each cause of action is based upon a contract and arose out of the same transaction, and, when separately stated, could be pleaded in the same complaint.

It is next claimed that the trial court erred in sustaining objections to offered testimony. The appellant offered testimony to the effect that the market value of the property had not increased between the time when it was purchased and the time when the respondent sold his half interest to the appellant, and also as to the physical character of the property and to what use it could be adapted, as well as its intrinsic value. In making a ruling, the trial judge stated that he would assume that there had been no change in the value of the property, and sustained the objection to the other offered testimony. The defense, as above stated, was that of usury. Under this defense, the objection to the offered testimony was properly sustained.

The intrinsic value of the property, its character, and the purpose for which it was adapted, were matters which would throw no light upon the question whether or not the transaction between the parties had been tainted with usury.

Finally, it is contended that the contract is usurious, because it is claimed that $5,000 included in the $17,000 mortgage note under date of January 27, 1904, was intended as a bonus for the $7,000 loan which was subsequently advanced

and secured by the second mortgage under date of April the 1st, 1904.

From the facts stated, it will be remembered that the appellant, in purchasing the half interest of the respondent, agreed to give $5,000 more therefor than the respondent had paid cash for it. The appellant claims that this $5,000 was a bonus for the $7,000 loan mentioned. The respondent claims that the $5,000 had no reference to the $7,000 loan, and that the transaction was a *bona fide* sale of his interest in the property for $14,500. If the $5,000 was a part of the purchase price, the transaction was not usurious. The fact that the property was sold upon a long time mortgage, with a moderate rate of interest, for $5,000 more than it was previously purchased for for cash, would not indicate that the including of the $5,000 in the mortgage was colorable and was intended as a cloak or cover for a bonus for a loan or forbearance of money which the law would not sanction. *Rushing v. Worsham*, 102 Ga. 825, 30 S. E. 541; *Hogg v. Ruffner*, 66 U. S. 115.

What the transaction really was is a question of fact. The trial court found that the contention that the $5,000 was a bonus for the making of the loan was not supported by the evidence. Upon the record, it is plain that no other finding could properly have been made. Even the appellant's testimony, when read in its entirety, would hardly sustain a finding that the $5,000 was intended as a bonus.

The judgment will be affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.