### 29527. COMMERCE FINANCE CO. *v.* PERRY.

DECIDED JULY 1, 1942.

494

. *Paul Ginsberg, Joe K. Telford,* for plaintiff in error.

*E. C. Brannon,* contra.

GARDNER, J. (After stating the above facts.)

The oral motion to strike raised the question as to whether or not the company was a bona fide purchaser for value of the contract declared on. The allegations touching this question, as set out in paragraphs 4, 5, 6, 9, 16, 19, and 21 as amended, were sufficient to withstand a motion to strike in the nature of a demurrer, and the court did not err in overruling the motion as to this contention.

We will then proceed to inquire whether or not the allegations of the affidavit were sufficient to set up any defense to the foreclosure proceeding, even though the plaintiff took the paper subject to all defenses which existed between the seller of the merchandise, the Felton Beauty Supply Co. Inc., and the purchaser, Mrs. Perry. These questions, under the pleadings, may be better analyzed by grouping the allegations.

Was fraud sufficiently alleged? Unless fraud other than that alleged to show a fraudulent transfer of the contract was specifically alleged as to the seller against Mrs. Perry, the purchaser, there is no merit in this contention. We have carefully searched the allegations of the affidavit, and outside a bare mention in general terms there is no allegation sufficient on which to base either a defensive matter or an affirmative relief on account of fraud. In *Stoddard Manufacturing Co.* v. *Adams,* 122 *Ga.* 802, 803 (50 S. E. 915), the court said: "General allegations of fraud are never sufficient."

██ As to the payments which Mrs. Perry alleges she was entitled to recover, from the allegations of the petition all the payments were voluntary and she can not recover them. Code § 20-1007. It was held in *McCarty* v. *Mobley*, 14 *Ga. App.* 225 (3) (80 S. E. 523): "Payments not made under duress, and made with knowledge of all the facts, without fraud or deception on the part of the person to whom payment is made, though in ignorance of the legal rights of the party paying, are voluntary, and can not be recovered." See citations in the *McCarty* case, supra; also *Williams* v. *Stewart*, 115 *Ga.* 864(2) (42 S. E. 256); *Mallory* v. *Royston Bank*, 135 *Ga.* 702, 706 (70 S. E. 586). There are other authorities to the same effect.

██ As to a failure of consideration, partial and total, there were no allegations in the affidavit sufficient to sustain this contention. It was not alleged when the defect in the machinery was discovered. It was not alleged that the conditions of the express warranty in the sale contract were complied with, nor are any facts alleged that would relieve Mrs. Perry of the effect of the terms of this express warranty as set out above. The only allegation to this effect was that she offered the machinery to the agents of the seller; that she offered it to Felton, president of the Felton Beauty Supply Co. Inc., and that he promised to remedy the defects. Under the principle announced in *Lunsford* v. *Malsby*, 101 *Ga.* 39 (28 S. E. 496), Mrs. Perry was precluded from suing under the contract: "1. Where to an action upon a promissory note given for the purchase-price of machinery, the defendant filed a plea of failure of consideration, and in support of such plea introduced evidence tending to show that the machinery was not reasonably suited to the purposes for which it was intended, because of certain defects existing therein, and where the evidence further showed that at the time of the execution of the note the defendant had actual knowledge of all of such defects, the law of implied warranty on the part of the seller did not enure to the benefit of the defendant, but on the contrary, he was properly held to have waived the same as to all such defects. 2. Upon the trial of such a case, where the note sued on was absolute and unconditional in its terms, evidence of a parol contract and agreement on the part of the seller of the machinery, made and entered into at the time of the execution of the note, that if the machinery would not do a specified

amount of work within a given time the purchaser would not be bound to pay the note and the signing of the note should be null and void, was inadmissible, as its effect would have been to contradict and vary the terms of the written contract." See also *American Car Co.* v. *Atlanta Street Railway Co.,* 100 *Ga.* 254 (28 S. E. 40) ; *Tuttle* v. *Stovall,* 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168) ; *Blalock* v. *Brantley,* 17 *Ga. App.* 579 (87 S. E. 836) ; *Hogan* v. *Brown,* 112 *Ga.* 662 (37 S. E. 880). Also, fraud may be waived by renewal. *McGinnis* v. *McCormick,* 28 *Ga. App.* 144 (110 S. E. 341) : "Where the maker of a promissory note renews it, he can not set up fraud in the procurement of the original note if he knew of the fraud at the time he executed the renewal note. The making of the renewal note under such circumstances is a waiver of the fraud and a recognition of the validity of the original note, and amounts to a ratification thereof. See *American Car Co.* v. *Atlanta Street Railway Co.,* 100 *Ga.* 254 (28 S. E. 40) ; *Montfort* v. *Americus Guano Co.,* 108 *Ga.* 12 (33 S. E. 636) ; *Atlanta Bottling Co.* v. *Hutchinson,* 109 *Ga.* 550 (35 S. E. 124) ; *Hogan* v. *Brown,* 112 *Ga.* 662 (37 S. E. 880) ; *Cooper* v. *National Fertilizer Co.,* 132 *Ga.* 529 (64 S. E. 650) ; *Tuttle* v. *Stovall,* 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168) ; 3 R. C. L. § 321, p. 1106, and notes." The cases cited in the above ruling by Chief Judge Broyles deal with the question of renewal with knowledge of such defects.

 The allegations did not sustain a plea of usury. It is true that usury may be pleaded as a defense to a note given for the cash price of merchandise where the interest charged exceeds the legal rate. It is also true that where merchandise is sold on credit the seller may be charged as much therefor as the parties to the sale agree on. In paragraph 8 of the affidavit of illegality it was alleged that in the execution of the contract of April 13, 1938 (when Mrs. Perry cancelled the former contract), there was included $178.23 as "time and cash price differential." Then, again, in paragraph 12 she stated that this $178.23 was included in said contract of April 13, 1938. Again, in paragraph 15 it was alleged that the note declared on was without consideration for the reason that it included a charge of $537.99 usury; that the proper amount was not correctly inserted in the note declared on by the company. We find no other specific mention of usury in the affi-

davit. These allegations were too general and vague to sustain a plea of usury. *Rushing* v. *Worsham,* 102 *Ga.* 825 (30 S. E. 541); *Richardson* v. *C. I. T. Cor.,* 60 *Ga. App.* 780, 789 (5 S. E. 2d, 250); *E. Tris Napier Co.* v. *Trawick,* 164 *Ga.* 781 (139 S. E. 552); *Willis* v. *Jefferson,* 75 *Ga.* 743; *Lay* v. *Seago,* 47 *Ga.* 82; *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801 (132 S. E. 221); *King* v. *Moore,* 147 *Ga.* 43 (92 S. E. 757). In *Burnett* v. *Davis,* 124 *Ga.* 541, 543 (52 S. E. 927), the court held: "The requirements of a plea of usury, where the purpose of the plea is either to recover back usury paid or set off the same against the plaintiff's demand, are fixed by statute. Civil Code, § 5090. The purpose of this statute is to require the defense of usury to be so pleaded that the amount that is sought to be recovered or set off may be determined accurately from the allegations in the plea, without aid from extraneous sources. Any defect, therefore, in such a plea which would prevent the determination of the amount would be a defect in substance, and can be taken advantage of by a general demurrer in writing, or an oral motion to strike. When this test is applied to that portion of the plea which is relied upon as a plea of usury, it is at once seen that the plea is defective, if for no other reason, because there were in the plea blanks as to the date and maturity of some of the notes. Without these blanks being filled, of course the amount of usury could not be calculated. As to the effect of blanks in a plea of usury, see the remarks of Mr. Chief Justice Bleckley in *Odom* v. *New England Mortgage Security Co.,* 91 *Ga.* 508 (2) (18 S. E. 131). The plea of usury was therefore properly stricken." Regarding the plea in the instant case, there were no specific dates alleged, there was no cash price alleged, no due date given; in fact we find no details from which the allegation of usury might be calculated. There were no specific allegations that would enable one to calculate the amounts of usury claimed. The affidavit as a whole set up no sufficient, definite, legal defenses to the foreclosure, and alleged no specific, definite, legal facts on which an affirmative claim might be based.

The court erred in overruling the motion to strike the affidavit. What transpired thereafter is therefore not before us for consideration.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*