18804. CHILDERS, executrix, *v.* ACKERMAN CONSTRUCTION COMPANY *et al.*

SUBMITTED JANUARY 12, 1955—DECIDED FEBRUARY 15, 1955.

*Sams, Wotton & Sams, Hudson & Hudson, Augustine Sams, John H. Hudson, W. R. Hudson,* for plaintiff in error.

*J. Robin Harris,* contra.

CANDLER, Justice. On October 26, 1949, a verdict was obtained and a judgment was rendered in the Superior Court of DeKalb County against Ackerman Construction Company and in favor of Mrs. Clara Childers, as executrix of Edward B. Holland's estate, for $7,000 principal, $1,096.02 as interest from August 1, 1947, future interest on the principal at 7% per annum, and for costs of suit. This litigation arose on September 4, 1951, when Mrs. Childers, as such executrix, filed a suit against Ackerman Construction Company, Oliver P. Ackerman, and Judson B. Ackerman to cancel two warranty deeds, one from Ackerman Construction Company to Oliver P. Ackerman, dated November 27, 1946, and conveying lot 23 in block A of Forrest Hills (Second Addition) Subdivision; and the other from the same grantor to Judson B. Ackerman, dated November 12, 1946, and conveying lot 22 of the same block and subdivision. Each deed recites a consideration of "$10.00 and other good and valuable considerations." In addition to the facts already stated, the petition alleges that the defendant Ackerman Construction Company is insolvent; that the defendants Oliver P. Ackerman and Judson B. Ackerman were, when the deeds were executed, president and secretary-treasurer, respectively, of Ackerman Construction Company, and as such officers of the company executed the deeds to themselves without corporate authority; that the deeds, though reciting a consideration, were in fact voluntary conveyances or conveyances for a grossly inadequate consideration; that the amount due the plaintiff is for labor rendered and materials furnished by Edward B. Holland to the defendant company in making improvements on its realty, including those lots conveyed by the aforementioned deeds; that both of the deeds were made for the purpose of hindering, delaying, or defrauding creditors of the defendant company, including Edward B. Holland; and that the plaintiff has a legal right to follow the assets of the insolvent defendant company into the hands of the defendants Oliver P. and Judson B. Ackerman, who were, at the time they ac-

quired them, officers and stockholders of the defendant company. No demurrer was interposed. By their answer, the defendants admitted the indebtedness of the defendant company to the plaintiff as alleged in the petition; that Oliver P. Ackerman and Judson B. Ackerman were president and secretary-treasurer, respectively, of Ackerman Construction Company when the deeds sought to be canceled were executed; that, as such officers, they signed the deeds to themselves as grantees; and that the defendant company was insolvent when this litigation was instituted; and they denied all other substantial allegations of the petition. The case resulted in a verdict for the defendants, and the plaintiff seasonably moved for a new trial on the usual general grounds and by amendment added four special grounds. Her motion as amended was denied, and she assigns error on that judgment.

■ The first special ground of the motion complains of error in the failure of the trial judge, on timely request therefor, to give the following charge: "Officers and agents of a corporation, as such, have no authority to deed property to themselves and sign a deed in the name of the corporation as officers can only act by authority and resolution of the stockholders in such cases, and the court charges you that a deed or deeds made without corporate authority or to hinder, delay or to defraud creditors are void in law." The refusal of this request was not error. A request to charge must be perfect in form, correct and accurate, and adjusted to the pleadings, the law and the evidence in the case (*Norris* v. *State*, 184 *Ga.* 397, 191 S. E. 375; *Rogers* v. *Manning*, 200 *Ga.* 844, 38 S. E. 2d 724); and a request to charge is not perfect in form when, as here, it contains in one sentence two separate and distinct principles of law, one respecting the authority which must be obtained before corporate property can be legally conveyed, and the other as to conveyances which are void in law when made for the purpose of hindering, delaying, or defrauding creditors in the collection of their claims. See *Brown* v. *State*, 195 *Ga.* 430 (1) (24 S. E. 2d 312); *Smith* v. *State*, 202 *Ga.* 851 (5), 862 (45 S. E. 2d 267). In *Brown's* case it was said: "A request to charge that contains two principles, one relating to the law of justifiable homicide and the other to the law of voluntary manslaughter, and when these two principles are com-

mingled and confused in the same sentence, it is not a proper request."

■ In another special ground of the motion for new trial, it is alleged that the court erred in giving the following charge: "The court instructs you further that mere inadequacy of consideration in a deed even if the grantor is insolvent at the time of its execution, that if there was no intention to delay or defraud the creditors or if the intention was unknown to the grantee or grantees or the grantee or grantees did not have grounds for reasonable suspicion, that the deed or deeds would not be void." This ground is without merit. The evidence shows that the grantees purchased the lots in question with no intention to hinder, delay, or defraud the grantor's creditors; and, where one honestly and in good faith purchases property from another, the mere fact that the consideration paid for the property was inadequate will not authorize a creditor of the grantor, who afterwards obtains a judgment against the latter, to subject the property to the satisfaction of his judgment. Code § 28-201.2; *Sharp* v. *Hicks,* 94 *Ga.* 624 (5) (21 S. E. 208) ; *Taylor* v. *Gates,* 206 *Ga.* 880 (59 S. E. 2d 365), and citations. However, in this case the evidence does not show or tend to show that the defendant Ackerman Construction Company was insolvent when the deeds here sought to be canceled were executed in 1946; and, with respect to consideration, the evidence shows without dispute that the grantor purchased the two lots involved as vacant property for $600 each some two or three months before they were sold by corporation authority to the defendants Oliver P. and Judson B. Ackerman for a cash consideration of $600 each and still as unimproved or vacant property. In these circumstances, and even if the excerpt complained of was erroneous because not adjusted to the evidence, it was certainly not injurious to the plaintiff; and error without injury does not require the reversal of a judgment. *Rushing* v. *Akins,* 210 *Ga.* 450 (3) (80 S. E. 2d 813). The case of *Beasley* v. *Smith,* 144 *Ga.* 377 (87 S. E. 293), which is cited and relied on in the brief of the plaintiff in error, deals with a voluntary deed by an insolvent debtor and affords no authority for the contention made in this special ground of the motion; and this is true since we are not here dealing with volun-

tary conveyances by a debtor insolvent at the time they were made.

■ Over an objection that it was an opinion, a conclusion of the witness, a self-serving declaration, and evidence by a party respecting a transaction or communication with a person since deceased, the court permitted the defendants Oliver P. and Judson B. Ackerman, as witnesses in their own behalf, to testify that, in executing the deeds here involved, they had no intention to hinder, delay, or defraud the plaintiff or any other creditor of the defendant company. We see no error in the admission of this evidence. In *Royce* v. *Gazan*, 76 *Ga.* 79, it was held: "A party may testify to his intention. It is evidence to be considered, but the facts—all the facts—are to be considered to arrive at the truth respecting his real motive." For like rulings, see *Powell* v. *Watts*, 72 *Ga.* 770 (4); *Hale* v. *Robertson*, 100 *Ga.* 168 (27 S. E. 937); *Kirkman* v. *Ashford*, 145 *Ga.* 452 (3), 453 (89 S. E. 411). In 1 Jones, Evidence, § 145, it is said: "When the good faith of a party is in issue, the proof is not confined to circumstances from which good faith may be inferred, but the witness may state directly that he acted in good faith." In the *Hale* case, supra, this court unanimously held that it was not erroneous to permit a party to testify that he purchased property with no intention to hinder, delay, or defraud his vendor's creditors. The evidence complained of is obviously neither a self-serving declaration nor evidence concerning a transaction or communication with a party since deceased, coming within the prohibitive provisions of Code § 38-1603.

■ During the trial, the defendants tendered as evidence two canceled checks which the defendant Ackerman Construction Company gave Edward B. Holland on December 13, 1946, one for $1,442 and the other for $2,991, both of which were paid by the bank on which they were drawn after being endorsed by the payee. They were objected to on the ground that they relate to a matter which was adjudicated by the verdict and judgment that the plaintiff obtained against the defendant Ackerman Construction Company on October 26, 1949; and also on the ground that they have reference to a transaction between the defendants and Edward B. Holland, a party since deceased, and are therefore inadmissible under the first exception to Code § 38-1603.

Over these objections, the checks were allowed in evidence for the limited purpose of determining whether or not an obligation then due Holland by Ackerman Construction Company was paid in full subsequently to the date the deeds sought to be canceled were executed; and in this connection, the court instructed the jury that they were not admitted and could not be considered for the purpose of raising an issue or dispute as to the correctness of the amount of the plaintiff's judgment and execution against Ackerman Construction Company. At this stage of the trial, counsel for the defendants asked Oliver P. Ackerman, a witness for the defendants, if the two checks which were given on December 13, 1946, paid Holland's claim as a creditor of Ackerman Construction Company in full to that date, and the witness answered that they did. There was an objection to this evidence on the ground that it related to a transaction between the witness and a person since deceased, and was therefore inadmissible under the first exception to Code § 38-1603. The objection was overruled, and error is assigned on the two rulings in a special ground of the motion for new trial. It was the contention of the defendants throughout the trial that Holland's claim as a creditor of Ackerman Construction Company was paid in full soon after the deeds were executed; and that his cause of action which the plaintiff reduced to judgment arose on dates subsequent to that of the deeds. In view of the limited purpose for which the two canceled checks were admitted into evidence and the instruction which the trial judge gave the jury concerning them, there is no merit in the first ground of the objection; and the canceled checks, being evidence of an independent physical fact, do not fall within the letter, reason, or spirit of the first exception to Code § 38-1603. Hence, ground 2 of the objection is also without merit. *Chamblee* v. *Pirkle*, 101 *Ga.* 790 (29 S. E. 20); *Nugent* v. *Watkins*, 129 *Ga.* 382 (58 S. E. 888); *Arnold* v. *Freeman*, 181 *Ga.* 654 (1) (183 S. E. 811); *Rabun* v. *Wynn*, 209 *Ga.* 80 (6) (70 S. E. 2d 745). The oral testimony of Oliver P. Ackerman to which the plaintiff objected relates to a transaction between the witness, who is a party to this litigation, and Holland, a person since deceased whose personal representative instituted this litigation; this being true, the objection to his testimony was good and should have been sustained. But even with this

oral testimony excluded, a verdict for the defendants was demanded by the evidence, since it shows without dispute that the deeds sought to be canceled were executed pursuant to corporate authority, for an adequate consideration, with no intention to hinder, delay, or defraud Holland as a creditor, with no part of the demand declared upon by the plaintiff being an expenditure either for labor rendered or material furnished in placing improvements on the lots involved, both of which were vacant or unimproved property when conveyed by the deeds sought to be canceled, and there is no evidence showing or tending to show that the grantor was insolvent or even in failing circumstances when the deeds were made in 1946. In this connection, see Code §§ 20-307; 28-201 (2); *Wells* v. *Blitch*, 184 *Ga.* 616 (192 S. E. 209). Error without injury does not require the reversal of a judgment. *Hall* v. *State*, 202 *Ga.* 619 (44 S. E. 2d 234), and citations. Since the burden is on a party alleging error to show affirmatively an error that injured him, this special ground of the motion affords no sufficient reason for reversing the judgment complained of.

■ The verdict is amply supported by evidence, and it has the approval of the trial judge. This being true, it necessarily follows that the general grounds of the motion are not meritorious.

*Judgment affirmed. All the Justices concur. Head, J., concurs in the judgment only.*