42679: BOWEN, Executor, et al. v. CONSOLIDATED MORTGAGE & INVESTMENT CORPORATION.

Argued April 5, 1967—Decided May 19, 1967.—Rehearing denied June 13, 1967—

876

*Sanders, Hester & Holley, Thomas R. Burnside, Jr., Sell & Comer, John D. Comer,* for appellants.

*Cumming, Nixon, Eve, Waller & Capers, O. Palmour Hollis,* for appellee.

QUILLIAN, Judge. It is permissible to grant a motion for summary judgment only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Malcom v. Malcolm,* 112 Ga. App. 151, 154 (144 SE2d 188). Hence, the question we must determine in the case sub judice is whether any genuine issue as to usury was raised.

We recognize that: "A party may testify as to his intention. It is evidence to be considered, but the facts—all the facts—are

to be considered, to arrive at the truth respecting his real motive." *Hartford Fire Ins. Co. v. Lewis,* 112 Ga. App. 1, 14 (143 SE2d 556); *Royce & Co. v. Gazan,* 76 Ga. 79 (5); *Childers v. Ackerman Constr. Co.,* 211 Ga. 350, 354 (86 SE2d 227). Thus, while the plaintiff's evidence disclosed the parties did not intend to circumvent the law and charge usurious interest rates, our examination must include whether there was evidence that, despite these denials, this was in fact accomplished.

The defendant contends there is evidence of usury raised by the counter-affidavit which it filed. The affidavit recited that deponent considered the sum in excess of the value of the stock as a bonus given to the stockholders. As such it amounted to no more than a conclusion by the witness as to his interpretation of the contract. An affidavit in opposition to a motion for summary judgment must set forth facts which would be admissible in evidence on the trial. Mere conclusions, not being admissible, raise no issue of fact. *Benefield v. Malone,* 112 Ga. App. 408, 411 (145 SE2d 732).

"Usury is the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." *Code* § 57-102. The four tests of a usurious transaction are set out in *Bank of Lumpkin v. Farmers State Bank,* 161 Ga. 801 (132 SE 221). However, the prerequisite factor for our consideration is—was an illegal rate of interest charged?

"If a vendor and vendee agree upon a cash price of property which is the subject matter of the sale, but the sale itself is not for cash but is distinctly on a credit until a particular time in the future, the transaction will not be rendered usurious because the vendor in order to make a time price on the property adds to the cash price another sum and includes the total amount thus arrived at in a promissory note which the purchaser gives, securing the same by a mortgage on realty. The law recognizes the right of a seller to make a difference in his cash price and his time price for his property; and though in a given instance this difference may exceed eight percent, the law as to usury is not applicable." *Richardson v. C. I. T. Corp.,* 60 Ga. App. 780, 789 (5 SE2d 250); *Rushing v. Worsham & Co.,* 102 Ga.

825 (30 SE 541); *E. Tris Napier Co. v. Trawick,* 164 Ga. 781, 782 (139 SE 552).

The facts of this case present the converse of the normal time-price situation in that here the sellers rather than the buyer had the option of which course they would choose, that is, a cash price or a time price. We find no reason to differentiate between these categories. Regardless of the nomenclature used to describe the transaction it was in effect no more than a time-price sale of the Nix stock. There was no showing that it was a sham transaction or designed to cloak usury under the guise of bona fide sale. Here the stockholders could accept either a sum certain in cash or a greater expectation of gain coupled with the probability of loss. This is the essence of the time-price theory and juxtaposition of the cited cases with the instant one convinces us they are controlling here.

The parties, presumably dealing at arm's length, placed what they considered was a fair value for the Nix stock when exchanged for the debentures. The fact that should actual cash be chosen a lesser amount than the face value of the debentures was paid reflects the business practice of selling at a designated price for cash and a higher price on credit.

The defendant contends that its evidence, taken from the affidavit, that a sum was added to the actual cash value of the stock in order to constitute the amount of the debentures is a vital factor for consideration. However, it does not matter whether the parties originally fixed an amount as the cash price and added a sum to arrive at the time price or that a sum was deducted from the time price to compute the cash price. The methods are substantially equivalent, the end result the same.

The owner of a property has a perfect right to name the price at which he is willing to sell and to refuse to accede to any other. In Hogg v. Ruffner, 66 U. S. 115, 119 (17 LE 38), it is pointed out "A vendor may prefer $100 in hand to double the sum in expectancy, and a purchaser may prefer the greater price with the longer credit; and one who will not distinguish between things that differ, may say, with apparent truth, that B pays 100 per cent. for forbearance, and may assert that such a contract is usurious; but whatever truth there may be in the prem-

ises, the conclusion is manifestly erroneous. Such a contract has none of the characteristics of usury; it is not for the loan of money, or forbearance of a debt." 55 AmJur 339, Usury, § 21; *Rushing v. Worsham & Co.*, 102 Ga. 825, 828, supra.

The debenture was not infected with usury and the trial judge erred in denying the motion for summary judgment.

In view of the ruling herein made it is not necessary to pass upon the demurrer rulings.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

## CORRECTIONS.

Page 439, line 13 from bottom. Change "subjunctive" to read "subjective."

Page 623. Title "John C. Jackson, Inc. v. Hatch" should read "Jackson v. Hatch."

Page 627, line 8 from bottom, change "witness's character" to read "defendant's character."

Page 717, lines 11 and 12 from bottom, citation "Stankiewicz v. Pillsbury," etc., should read "Krier v. Muschel, 29 FSupp. 482."