### 49126. THIBADEAU v. CRANE et al.

EBERHARDT, Presiding Judge.

Plaintiff brought this action for newspaper libel complaining that the various defendants intended to and maliciously attempted to injure and defame him, using defendant newspapers "as a cloak for private malice," by composing, printing and publishing false news stories and editorials about him in his capacity as a superior court judge. The twelve-page complaint is replete with allegations of malicious intent. Some of the clippings from the newspapers, attached to the complaint as exhibits, charge him, inter alia, with "abuse of judicial power" and "using the power of his position for personal vendettas" in various particulars.

The defendants answered, asserting in their fifth defense that "The editorials complained of consisted of comments upon the acts of a public man in his public capacity and were made without malice and as such are privileged." They then moved for summary judgment without supporting affidavits or other supportive papers (Code Ann. § 81A-156 (b)). In sustaining the motion on the

basis of the complaint and answer, the trial court recited: "The court finds no false statement."[1] Plaintiff appeals. *Held:*

1. In this summary judgment proceeding the trial court was without authority to make a finding of fact that the statements were not false, and genuine issues of material fact remain as to the truth or falsity of the matter complained of.

2. In the present posture of the case, genuine issues of material fact remain as to whether the statements were made with actual malice, for no recovery is authorized unless it shall appear that the statements were false and were made with actual malice. In New York Times Co. v. Sullivan, 376 U. S. 254, 279 (84 SC 710, 11 LE2d 686, 95 ALR2d 1412), it was held that a public official is prohibited from recovering damages for a defamatory falsehood relating to his official conduct "unless he proves that the statement was made with 'actual malice' — that is, with knowledge that it was false or with reckless disregard of whether it was false or not." There is no privilege protecting the use of calculated falsehood. "Although honest utterance, even if inaccurate, may further the fruitful exercise of the right of free speech, it does not follow that the lie, knowingly and deliberately published about a public official, should enjoy a like immunity . . . For the use of the known lie as a tool is at once at odds with the premise of democratic government and with the orderly manner in which economic, social, or political change is to be effected. Calculated falsehood falls into that class of utterances which 'are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality . . .' [Cit.] Hence the knowingly false statement and the false statement made with reckless disregard of the truth, do not enjoy constitutional protection." Garrison

---

[1] With the exception of one exhibit, admittedly containing an error as to election results, but which was corrected and found not to be libelous.

v. Louisiana, 379 U. S. 64, 75 (85 SC 209, 13 LE2d 125). "The defendant in a defamation action brought by a public official cannot . . . automatically insure a favorable verdict [or summary judgment] by testifying that he published with a belief that the statements were true. The finder of fact must determine whether the publication was indeed made in good faith." St. Amant v. Thompson, 390 U. S. 727, 732 (88 SC 1323, 20 LE2d 262). See also Greenbelt Co-op Pub. Assn. v. Bresler, 398 U. S. 6 (90 SC 1537, 26 LE2d 6); Robsenbloom v. Metromedia, Inc., 403 U. S. 29 (91 SC 1811, 29 LE2d 296).

The question as to actual malice must go to the jury.

3. At trial, plaintiff may not rely upon statutory or case law at variance with constitutional principles. "It matters not that that law has been applied in a civil action and that it is common law only, though supplemented by statute . . . The test is not the form in which state power has been applied but, whatever the form, whether such power has in fact been exercised." New York Times Co. v. Sullivan, 376 U. S. 254, 265, supra. Accordingly, as the cases cited above dictate, the charge of the court, the proof, etc. at trial will be subject to close constitutional scrutiny. Thus actual malice must be shown with "convincing clarity," id., pp. 285-286; "only those false statements made with the high degree of awareness of their probable falsity demanded by New York Times may be the subject of either civil or criminal sanctions." Garrison v. Louisiana, 379 U. S. 64, 74, supra. "These cases are clear that reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." St. Amant v. Thompson, 390 U. S. 727, 731, supra. The jury may not be "permitted to find liability merely on the basis of a combination of falsehood and general hostility." Greenbelt Co-op. Pub. Assn. v. Bresler, 398 U. S. 6, 10, supra.

One who is a public official or who is a candidate for public office must subject himself to the criticisms of both the press and the public for his conduct of the political

campaign or of the office which he holds. Some, or even much of it may be and often is unwarranted and hostile, engendered by partisan views of the critic. Some of it is bilge and billingsgate, often unfair and slanted by its author. It is a part of the "heat in the kitchen" to which President Truman referred in saying that "if you can't stand the heat, get out of the kitchen." Mere unfairness or hostility, however, does not make it actionable. It must be libelous and must have been uttered or published with actual malice or what amounts thereto, intending that it shall portray the subject in a false, degrading and denigrating light, the burden of proof resting upon the plaintiff. This the jury should understand when it comes to resolve the issues of falsity and malice.

*Judgment reversed. Pannell, J., concurs. Evans, J., concurs specially.*

ARGUED MARCH 6, 1974 — DECIDED APRIL 1, 1974 — REHEARING DENIED APRIL 12, 1974 —

*L. C. Chrietzberg,* for appellant.
*Mackay & Elliott, James A. Mackay, Thomas W. Elliott, Kathleen M. Jones,* for appellees.

EVANS, Judge, concurring specially.
I concur in all that is stated in the majority opinion. However, as to the statement in Division 2 on page 592, as follows, to wit: " . . . for no recovery is authorized unless it shall appear that the statements were false *and were made with actual malice."* New York Times Co. v. Sullivan, 376 U. S. 254. (Emphasis supplied.) It should be pointed out, in connection with the above language, that it is most difficult, if not impossible, for a plaintiff to come forward with *direct evidence* of actual malice; and such proof must necessarily, in the great majority of cases, be made by *circumstantial evidence.* This is so because a plaintiff cannot be expected to produce a witness who heard the defendant expressly state that the publication in question was made with malice against plaintiff. Nor can it be expected that defendant himself will testify that he published an untruth of and concerning plaintiff with

malice.

As to state of mind, or scienter, such has always been shown by the totality of the circumstances surrounding the actions of the party. In some of the earlier authorities, doubt was expressed as to the propriety of allowing the party himself to testify as to his state of mind or good faith. But this doubt was finally resolved by allowing the party to testify, with cautionary instructions that the party's testimony must be considered and weighed *in connection with all of the facts in the case,* in order to determine the actual state of his mind at the time of committing a certain act.

In *Royce & Co. v. Gazan,* 76 Ga. 79, 80 (5), it was held: "A party may testify to his intention. It is evidence to be considered, *but the facts — all the facts — are to be considered, to arrive at the truth respecting his real motive."* (Emphasis supplied.) Holding to the same effect, see *Childers v. Ackerman Const. Co.,* 211 Ga. 350 (3) 354 (86 SE2d 227), and the several authorities there cited. Also see *Bowen v. Consolidated Mort. Corp.,* 115 Ga. App. 874, 876 (156 SE2d 168), holding as above.

In other words, although there is authority to the effect that direct evidence will sometimes outweigh contradictory circumstantial evidence, such is not the rule here. A party, in a case of slander or libel, may testify that he acted in good faith (or without malice) and yet a consideration of all of the facts surrounding the publication may properly authorize the conclusion that such publication was not in good faith, but was characterized by malice.