## 50112. PRAIRIELAND BROADCASTERS OF GEORGIA, INC. et al. v. THOMPSON.

QUILLIAN, Judge.

The Mayor of Macon brought an action for slander against Prairieland Broadcasters of Georgia, a corporation which operates a radio station known as WBML, and also against its announcer, one Jim Lee. Also named as a defendant in the complaint was "One Unknown Hotline Woman."

The defendants filed an answer and counterclaim, and further filed a motion for judgment on the pleadings. The plaintiff filed a motion to strike the counterclaim and a motion for judgment on the pleadings. Both these motions were converted into motions for summary judgment which after consideration were denied by the trial judge. The trial judge did, however, sustain the plaintiff's motion to strike the counterclaim of the defendants. Upon a certificate of immediate review being entered, the case was taken here on appeal by the defendant Prairieland. *Held:*

1. The principal issue involved in this case concerns the question of actual malice. Based on the New York Times case, it is now established law that a public official in order to recover for defamatory statements made against him must establish that the statements were actuated by what the court described as actual malice. Actual malice is defined as: "[W]ith knowledge that [a defamatory statement] was false or with reckless disregard of whether it was false or not." New York Times Co. v. Sullivan, 376 U. S. 254, 280 (11 LE2d 686, 84 SC 710, 95 ALR2d 1412). Cantrell v. Forest City Pub. Co., —— U. S. —— (42 LE2d 419).

In this case the defendants urged that there was no showing of malice made, hence they were entitled to the sustaining of their motion for summary judgment. While on the trial of the case the burden would unquestionably rest on the plaintiff to establish with requisite sufficiency that the defendants acted with actual malice, this is not true on motion for summary judgment. Hence, the defendants as movants for summary judgment, would be required to establish the nonexistence of actual malice.

In the case sub judice, since there was no showing as to actual malice, we cannot say that the defendants carried the burden imposed on them at this state of the proceedings and thus it was not error to deny the motion for summary judgment based on this ground. See *Thibadeau v. Crane,* 131 Ga. App. 591 (206 SE2d 609). See in this connection Cantrell v. Forest City Pub. Co., 42 LE2d 419, 426, supra.

2. Here the acts attributed to the plaintiff on the defendants' program were those of public nudity. We cannot hold as a matter of law that such a charge would not be defamatory. See *American Broadcasting &c. v. Simpson,* 106 Ga. App. 230, 240 (126 SE2d 873); *Montgomery v. Pacific & c. Co.,* 131 Ga. App. 712, 715 (206 SE2d 631). See for example the Criminal Code of Georgia, § 26-2011 (Code Ann. § 26-2011; Ga. L. 1968, pp. 1249, 1301).

3. It is well established that the mere filing of a civil complaint does not give the opposite party a right of action by counterclaim. "There is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant against the plaintiff for bringing it, while it is still pending." *Fender v. Ramsey,* 131 Ga. 440, 443 (62 SE 527). Accord, *Terry v. Wonder Seal Co.,* 120 Ga. App. 423 (170 SE2d 745); *Metro Chrysler-Plymouth, Inc. v. Pearce,* 121 Ga. App. 835, 842 (175 SE2d 910); *Pickett v. Chamblee Const. Co.,* 124 Ga. App. 769, 774 (186 SE2d 123); *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76).

The trial judge thus did not err in striking and dismissing the counterclaim filed by the defendants.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED JANUARY 10, 1975 — DECIDED MAY 8, 1975 — REHEARING DENIED JUNE 12, 1975 —

*Albert P. Reichert, Sr., Albert P. Reichert, Jr.,* for appellants.

*H. T. O'Neal, Jr., Manley F. Brown,* for appellee.