A03A0804. MALLARD et al. v. FOREST HEIGHTS WATER WORKS, INC. et al.
(580 SE2d 602)

BLACKBURN, Presiding Judge.

Following a grant of summary judgment to the defendants Forest Heights Water Works, Inc. and Lee Anderson ("Forest Heights"), Robert and Donna Mallard appeal, arguing that the trial court erred by (1) finding that ten percent per month late fees charged by Forest Heights for unpaid water bills were not within the scope of usury laws, and (2) failing to rule on the Mallards' motion to compel discovery before granting summary judgment. For the reasons that follow, we affirm.

We review a grant of summary judgment de novo, with the evidence viewed in the nonmovant's favor. *Jordan v. Tri County Ag.*[1] "[S]ummary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not

[17] *Lipton v. Warner, Mayoue &c., P.C.*, 228 Ga. App. 516, 517 (1) (492 SE2d 281) (1997).
[1] *Jordan v. Tri County Ag*, 248 Ga. App. 661 (546 SE2d 528) (2001).

create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins.*[2] OCGA § 9-11-56 (e). A defendant need not "affirmatively disprove the plaintiffs' case, but may prevail by pointing to the absence of evidence to support the plaintiffs' case." *Cole v. Fauk.*[3] "If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." (Punctuation omitted.) *Hall v. Cracker Barrel &c.*[4]

Viewed in the light most favorable to the Mallards, the record before us shows only that they purchased water from Forest Heights, and that Forest Heights charged a ten percent late penalty on current monthly bills paid more than five days late. This does not create a triable issue on the Mallards' claim of usury.

1. The Mallards have failed to rebut Forest Heights's evidence that the late fee was not an artifice for usury. The essential elements of usury are (1) a loan or forbearance of money, express or implied; (2) made with an understanding that the principal shall or may be returned; (3) that provides a profit greater than that authorized by law in exchange for such loan or forbearance; and (4) with an intent to violate the law. *Knight v. First Fed. Sav. &c.*[5] See OCGA § 7-4-1. The maximum profit authorized by law is one and one-half percent per month. OCGA § 7-4-16. When an apparently innocent transaction is alleged to be an artifice for the charging of illegal interest, "it is incumbent upon the person attacking to show that the loan was in fact usurious." *Knight,* supra at 450 (2). See *Virginia-Carolina Chem. Co. v. Provident Sav. Life Assurance Society*[6] (when a transaction is not facially usurious, the burden of establishing the charge of usury is on the party making it).

Forest Heights denied the complaint's material allegations that it charged "10% interest per month on any balance on this commercial account," and argued that the ten percent charge was a permissible one-time "late penalty," not a monthly interest charge. Forest Heights supported this denial with an affidavit and a copy of a water bill. The affidavit, submitted by Forest Heights president James Anderson, states that Forest Heights "does not and has never charged any of its customers interest of any type on their water bills," but "does charge its customers a late penalty if their current bill is not paid by a certain date."

---

[2] *Lau's Corp. v. Haskins,* 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

[3] *Cole v. Fauk,* 253 Ga. App. 892, 893 (560 SE2d 772) (2002).

[4] *Hall v. Cracker Barrel &c.,* 223 Ga. App. 88, 89 (1) (476 SE2d 789) (1996).

[5] *Knight v. First Fed. Sav. &c.,* 151 Ga. App. 447, 449 (260 SE2d 511) (1979).

[6] *Virginia-Carolina Chem. Co. v. Provident Sav. Life Assurance Society,* 126 Ga. 50, 54 (54 SE 929) (1906).

While the Mallards argued that the late fee was a cloak for a usurious loan, the Mallards rested on their pleadings. The Mallards have not offered more than allegation and conjecture contradicting Forest Heights's showing that the late fee was not a disguised usurious loan. Consequently, "plaintiff[s] [have] not borne [their] responsibility to point to specific evidence giving rise to a triable issue regarding the agreement" to provide water, and summary judgment is required. (Punctuation omitted.) *Hooks v. Cobb Center Pawn &c.*[7]

2. The Mallards contend that the trial court erred in considering Forest Heights's summary judgment motion without first ruling on their motion to compel certain discovery responses. The Mallards have waived this enumeration, because they did not move to continue the court's ruling on summary judgment pending its ruling on the motion to compel, move to set aside the summary judgment pending resolution of the discovery issue, or otherwise object at the trial level. *Wynn v. Arias.*[8]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 19, 2003 —
RECONSIDERATION DENIED APRIL 7, 2003.

*Lee, Black, Hart & Rouse, Christopher L. Rouse*, for appellants.
*James L. Johnston, Sr.*, for appellees.

---

[7] *Hooks v. Cobb Center Pawn &c.*, 241 Ga. App. 305, 306 (2) (527 SE2d 566) (1999).
[8] *Wynn v. Arias*, 242 Ga. App. 712, 718 (531 SE2d 126) (2000).
[1] See *Vincent v. Bunch*, 240 Ga. App. 255, 257-258 (1) (522 SE2d 495) (1999).