A05A2291. PARRISH v. JACKSON W. JONES, P.C. et al.
(629 SE2d 468)

BERNES, Judge.

George Parrish appeals from the trial court's final order granting summary judgment in favor of appellees Jackson W. Jones, P.C. ("Jones") and Hamilton Financial Services, Inc. ("HFS") on his claims alleging fraud and breach of contract. For the following reasons, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of

---

review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that the instant lawsuit arises from Parrish's purchase of land and a mobile home. Parrish, who was represented by a realtor, purchased the land from an entity, TOCA Enterprises, Inc., and alleges that he purchased the mobile home from Ideal Homes, Inc. through its employee, William H. Reynolds. Parrish financed the transaction with a loan from HFS, with the assistance of its employee, Jim Bloom. The Jones law firm prepared the closing documents on behalf of the lender and closed the transaction on November 28, 2000.

The closing documents signed by Parrish clearly show that the total loan amount was $88,820. In his Lot/Land Purchase and Sale Agreement with TOCA Enterprises, Parrish agreed to a purchase price of $31,500 for the land, which is reflected in the HUD-1 settlement statement and the Buyers and Seller's Combined Closing Statement. The statements further show the purchase price of the mobile home to be $58,500 in the itemization delineated "Payoff Manufactured Home."

During Parrish's deposition, he admitted that he signed the closing documents without reading them, although no one had prevented him from doing so or from asking questions at the closing. Parrish also conceded that he did not read the closing documents until three weeks after the closing. At that time, he claims to have noticed that the loan amount and the price of the mobile home were excessive.

Parrish alleged that at a meeting prior to closing, he was told by Reynolds that he could purchase the mobile home for a price of $35,000, and that he was told by Bloom that the total loan amount would be no more than $75,000. Parrish conceded that there was no documentation of these oral loan and price quotes.

Parrish filed suit against several individuals and entities involved in the transaction, alleging fraud and breach of contract. Appellees filed their respective motions for summary judgment, which were granted by the trial court.

1. Parrish contends that the trial court erred in granting summary judgment to HFS as to the breach of contract claim. We disagree.

Parrish asserts that HFS, through its employee Bloom, agreed to provide a loan for the entire transaction in an amount not exceeding

$75,000; to refund his $500 earnest money; and to deliver and set up the mobile home, i.e., to grade the land, place the home, complete the foundation, and landscape the area. Parrish did not sign any written agreement for purchase of the land and mobile home under these terms. Since there is no written contract setting forth the terms allegedly breached by HFS, the trial court correctly determined that Parrish's claim is barred by the Statute of Frauds.

"[A] contract for the sale of goods for the price of $500.00 or more is not enforceable by way of action . . . unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." OCGA § 11-2-201 (1). Likewise, any contract for the sale of lands, or any interest in, or concerning lands must be in writing and signed by the party to be charged therewith to be binding on the promisor. OCGA § 13-5-30 (4); *Revis v. Jowers*, 264 Ga. App. 13, 15 (1) (589 SE2d 657) (2003). It follows that, irrespective of whether OCGA § 11-2-201 (1) or § 13-5-30 (4) would apply under the circumstances of this case, there had to be a writing signed by HFS that evidenced the alleged agreement between Parrish and HFS in order for the agreement to be enforceable. Thus, Parrish's contract claim predicated on an alleged oral agreement is barred by the Statute of Frauds.

Although Parrish contends that the closing documents were sufficient to satisfy the writing requirement, the closing documents do not contain the terms which he seeks to enforce in his breach of contract claim. To the contrary, the oral terms alleged by Parrish vary the terms of the written closing documents. "It is also well settled that [p]arol negotiations and stipulations preceding the making of a written contract are merged in the written contract, and parol evidence is inadmissible to vary the terms of a written contract or to contradict terms of a written contract which is valid on its face." (Citations and punctuation omitted.) *Green v. Ford Motor Credit Co.*, 146 Ga. App. 531, 532 (1) (246 SE2d 721) (1978). Parrish cannot enforce an alleged oral agreement which varies the clear terms of the written closing documents.

2. Parrish contends that the trial court also erred in granting summary judgment for appellees on his fraud claims. Again, we disagree.

> The five elements essential to a tort suit for damages resulting from a material misrepresentation constituting fraud are: (1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the representations; and (5) that the

plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

(Footnote omitted.) *Dyer v. Honea*, 252 Ga. App. 735, 737 (1) (557 SE2d 20) (2001). "As the moving party on a motion for summary judgment, a defendant may pierce the plaintiff's pleadings by demonstrating that there is no issue of material fact as to at least one essential element of the plaintiff's prima facie case." (Footnote omitted.) Id. Appellees have successfully done so in this case.

(a) *Fraud Claim against HFS*. Parrish argues that HFS was vicariously liable for fraud due to the acts of its employee, Bloom, who allegedly misrepresented that the loan amount would be $75,000, including the costs for delivery and setup of the mobile home, and that he would be refunded his $500 earnest money for the land purchase. Parrish further argues that Bloom misrepresented his income as $45,000[1] and the contract sales price as $90,000 in the grant application for the loan.

Despite these alleged misrepresentations, the executed closing documents clearly reflect the terms of Parrish's loan with HFS. Parrish does not claim to be illiterate, and he did not have a fiduciary relationship with any of the appellees. Nor is there any evidence that Parrish was prevented, by artifice or fraud, from taking the time to read and inspect the closing documents and ask questions before signing them at the closing. Nonetheless, Parrish admits that he chose to sign the closing documents without reading them.

It is a long-standing matter of principle under Georgia law that

a party to a contract who can read, must read or show a legal excuse for not doing so, and ordinarily *if fraud is an excuse, it must be such fraud as would prevent the party from reading the contract.* One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relationship or trust or confidence exists. Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. One not prevented from reading the contract, and having the capacity and opportunity to do so, cannot after signing it claim he was fraudulently induced to sign by promises which contradict the express terms of the contract.

---

[1] Parrish claimed that his gross income was approximately $142,000.

(Citations, punctuation and footnote omitted; emphasis in original.) *Results Oriented v. Crawford*, 245 Ga. App. 432, 438-439 (1) (b) (538 SE2d 73) (2000). The uncontroverted evidence conclusively establishes that Parrish did not read the closing documents to independently verify the accuracy of the amounts and information although he had the opportunity to do so. Had he simply read the closing documents before signing them, Parrish could have protected himself from any of the alleged misrepresentations. Thus, Parrish cannot establish reasonable reliance as a matter of law. See *Dyer*, 252 Ga. App. at 738 (1).

(b) *Fraud Claim against Jones.* Parrish also claims that the Jones law firm committed fraud. To the extent that his fraud claim is predicated on the alleged misrepresentations discussed in Division 2 (a), his claim fails as a matter of law for the same reasons. Parrish further claims that the check register produced to him by the Jones law firm reflects that there are some discrepancies between the list of disbursements contained in the settlement statement and the actual disbursements subsequently paid out. However, Parrish has failed to show that any of the alleged discrepancies constituted material misrepresentations upon which he relied in purchasing the land and mobile home. "[A]n action for fraud cannot be sustained when based upon alleged misrepresentations which are immaterial[ or] not relied upon. . . ." (Citation and punctuation omitted.) *Najem v. Classic Cadillac Atlanta Corp.*, 241 Ga. App. 661, 664 (2) (527 SE2d 259) (1999). Accordingly, Parrish's fraud claims against the Jones law firm fail as a matter of law.

3. Parrish further claims that Bloom, Reynolds and the Jones law firm conspired to defraud him. Parrish's claim of conspiracy does not change the outcome of the summary judgment determination in this case.

The essential element of conspiracy is the charge of a common design.

> It is sufficient to charge that two or more persons in any manner, either positively or tacitly, arrive at a mutual understanding as to how they will accomplish an unlawful design. After the conspiracy is formed, if a party joins therein, knowing of its existence and purpose, he becomes as much a party thereto as if he had been an original member.

(Citation omitted.) *Willson v. Appalachian Oak Flooring & Hardware Co.*, 220 Ga. 599, 609 (1) (140 SE2d 830) (1965).

Parrish fails to point to any evidence that supports his allegations of conspiracy. Although he contends that Bloom and Reynolds misrepresented that the loan amount would be no more than $75,000

and that Reynolds misrepresented that the purchase price of the mobile home would be $35,000, he fails to present any evidence that the Jones law firm knew of these misrepresentations and participated in a fraudulent scheme. Moreover, to the extent that Parrish's claim of a conspiracy is dependent upon the viability of the fraud and breach of contract claims, it too must fail. *Dyer*, 252 Ga. App. at 738 (2) ("The cause of action for civil conspiracy lies not in the conspiracy itself, but in the underlying tort committed against the plaintiff and the resulting damage.") (punctuation and footnote omitted).

In light of the foregoing, the record evidence fails to present a genuine issue of material fact as to Parrish's allegations against HFS and the Jones law firm, and therefore, the trial court's decision granting summary judgment was not erroneous.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 22, 2006 —
RECONSIDERATION DENIED APRIL 5, 2006.

*William S. Hardman*, for appellant.

*Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Swift, Currie, McGhee & Hiers, James D. Johnson, Kenneth J. VanderHoff, Jr.*, for appellees.