## A09A1457. GOLDEN ATLANTA SITE DEVELOPMENT, INC. v. NAHAI.
## A09A1458. TILSON v. NAHAI.
### (683 SE2d 166)

ELLINGTON, Judge.

In Case No. A09A1457, Golden Atlanta Site Development, Inc. ("Golden"), appeals from the order of the State Court of Cobb County granting partial summary judgment to Katayon M. Nahai on her claim for breach of contract. Golden contends the trial court erred in granting summary judgment because the contract is unenforceable because it provides for a usurious rate of interest and the court awarded "interest upon interest." Finding no error, we affirm the partial grant of summary judgment for the reasons set forth in Division 1. In Case No. A09A1458, Golden's co-defendant below, Wayne Tilson, cross-appeals, contending the trial court erred in denying his motion for summary judgment on all of Nahai's claims against him. Because, as more fully explained in Division 2, disputed material issues of fact remain for jury resolution on Nahai's claims, we affirm the trial court's order denying Tilson's motion for summary judgment.

### Case No. A09A1457

1. Golden contends the court erred in granting summary judgment in favor of Nahai on her claim for breach of contract because the "agreement violates Georgia usury laws." Golden does not actually challenge the contract's validity, or the finding that it was breached, but argues that the contract was an unenforceable loan, that $65,000 in usurious interest should have been deemed forfeited, and that the court should not have awarded Nahai prejudgment interest upon the allegedly usurious interest. We disagree.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that on March 29, 2005, Nahai entered into an agreement with Golden "to purchase a share of interest" in commercial property located on the Jefferson Bypass in Jackson County and described in an attached plat as "Outlot 'A.'" She agreed to "invest" $100,000 in the development of that property. Golden, the developer, promised Nahai a "return" on her "investment" in the amount of $165,000. If payment in that amount was not made within 12 months, Golden promised to transfer the

property to Nahai. Golden failed to develop the property within the period specified; moreover, Golden did not own the property at issue when the contract was executed. When the term of the investment had expired, Golden neither conveyed the property to Nahai nor paid her the promised return on her investment. The trial court found that Golden breached the contract and awarded Nahai $165,000 on the contract and $19,619.17 in prejudgment interest. Golden contends that awarding Nahai $65,000 in "interest" violates Georgia usury laws.[1]

"The term 'usury' means reserving and taking or contracting to reserve and take, either directly or indirectly, a greater sum *for the use of money* than the lawful interest." (Emphasis supplied.) OCGA § 7-4-1.

> The essential elements of usury are (1) a *loan* or *forbearance of money*, express or implied; (2) made with an understanding that the principal shall or may be returned; (3) that provides a profit greater than that authorized by law in exchange for such *loan* or *forbearance*; and (4) with an intent to violate the law.

(Citations omitted; emphasis supplied.) *Mallard v. Forest Heights Water Works*, 260 Ga. App. 750, 751 (1) (580 SE2d 602) (2003). One of the essential elements of a claim of usury, then, is the existence of a loan or a forbearance — *the use of money*. Id. See also *Rushing v. Worsham & Co.*, 102 Ga. 825, 828 (30 SE 541) (1898) ("The authorities are clear and explicit that, to constitute usury, there must be a loan directly or indirectly, and that a real sale without any intent to loan, though it may be oppressive, can not be usurious."); see also *Seidel v. 18 East 17th Street Owners, Inc.*, 79 N.Y.2d 735, 744 (III) (598 NE2d 7) (1992) ("Usury laws apply only to loans or forbearances, not to investments."). Thus, to find Golden's claim of error meritorious, we must find, as a matter of law, that the contract at issue was for a loan or a forbearance. The Supreme Court of Georgia has stated that a "loan may be defined as the delivery by one party to, and the receipt by another party of, a sum of money upon an

---

[1] Although Golden fails to state which provision of the usury law the contract violates, OCGA § 7-4-18 provides that charging interest in excess of "5 percent per month," which translates into a 60% annual percentage rate, is criminal and constitutes a misdemeanor. If Nahai's agreement constituted a loan, as Golden assumes, the "65 percent rate" would violate this statute and, thus, constitute usury. Usury may be raised as a defense to the enforcement of a loan agreement. *Ward v. Hudco Loan Co.*, 254 Ga. 294, 297 (328 SE2d 729) (1985) ("The defense of usury is not, in most instances, a bargained-for element of the agreement. It is, rather, . . . a privilege that belongs to the remedy, coming into play only when the borrower seeks to assert it as a defense.") (citations and punctuation omitted.)

agreement, express or implied, to repay the sum with or without interest." *Isaacson v. House*, 216 Ga. 698, 702 (1) (119 SE2d 113) (1961).

Golden assumes that the contract at issue is a loan without making any argument on that point. The record before us, however, does not demand a finding that Nahai merely provided Golden the use of her money or that the agreement was for a loan whereby the principal would be repaid. For example, the contract does not promise the repayment of principal, it cites no method of computing interest, nor does it contain language indicating an intent to loan. Rather, the contract shows that Golden sold Nahai a "share of interest" in a business venture. The agreement reveals the parties' intent to share in the financial return generated from the development of the commercial property. Nahai participated in the venture by her financial investment; Golden participated by agreeing to develop the property. On its face, the agreement appears to be for an investment.

Although the parties have cited no Georgia authority, nor have we found any, specifically defining an "investment" or distinguishing a loan from an investment,

> [t]he Supreme Court in *Ga. Market Centers v. Fortson*, 225 Ga. 854 (171 SE2d 620) [(1969)], adopted a test to determine whether a contract is an investment contract and thus a security. The test is as follows: An investment contract is a security if the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others.

*Goldsmith v. American Food Svcs.*, 123 Ga. App. 353, 355-356 (2) (c) (181 SE2d 95) (1971). Nahai invested money in a common enterprise, the development of commercial real estate, and was promised a return on that investment solely as a result of Golden's efforts in developing that property. Under this definition, Nahai's contract could be construed as an investment contract, and not a loan. Given this, we cannot say that Golden has carried its burden on appeal of showing that the agreement at issue was a loan to which the usury laws apply. Consequently, we must affirm the trial court's order granting summary judgment to Nahai on her breach of contract claim. See *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999) ("A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed.") (footnote omitted).

*Case No. A09A1458*

2. Wayne Tilson, Golden's co-defendant below, cross-appeals, contending that the trial court erred in denying his motion for summary judgment on Nahai's claims for fraud and deceit, conspiracy to commit fraud and deceit, securities fraud, "piercing the corporate veil," and punitive damages and attorney fees.

> On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law.

(Citation omitted.) *Clo White Co. v. Lattimore*, 263 Ga. App. 839 (590 SE2d 381) (2003). So viewed, in favor of Nahai as the nonmovant, the record[2] reveals the following.

On March 29, 2005, Nahai entered into an investment contract with Golden and invested $100,000 in the development of a shopping center. The details of that agreement are set out in Division 1. Nahai avers in her verified complaint that she was induced into signing this agreement and in making the investment by both George Grindley and Wayne Tilson. She avers that she met with both Grindley and Tilson, that both held themselves out as business partners in Golden, and that they both told her that they planned to develop a shopping center on commercial property that their real estate development company owned. Nahai avers that at the time of the investment, neither Grindley, Tilson, nor Golden owned the property at issue. Golden admits it did not own the property at the time of the investment. In fact, it is undisputed that on August 16, 2005, the defendants "sold" the property (which they still did not own) to Nahai's father-in-law. Nahai avers that neither Grindley nor Tilson had any intention of developing the property when the agreement was executed, that they created Golden to shield themselves from personal liability for their fraud, and that they absconded with her investment.

Grindley signed the investment contract as president of Golden.

---

[2] We note that the appellate record, despite a number of granted requests to supplement it, contains little actual evidence. There are no depositions. Other than the contract at issue, there are no properly authenticated documents cited by the parties in support of their arguments. Only Nahai filed an affidavit, and that affidavit only confirms the fact that she entered into the contract. The parties rely, almost entirely, on the few admissions contained in their pleadings, their responses to interrogatories, and their responses to their requests to admit.

Tilson did not sign the contract. Tilson asserts that he is not an officer, director, or shareholder of Golden. Although Tilson filed an amended answer to reflect that assertion, according to the Court's order, he admitted in his original answer that he was an officer, director, and shareholder of Golden. Tilson has not included his original answer in the appellate record and his amended answer addresses only this one contention. Tilson has not included the entire record below, but selected only a few pleadings and documents. For example, he supplemented the record on appeal to provide unauthenticated documents purporting to show that only George Grindley had an ownership interest in Golden. These documents, however, most of which were dated from 2004, would not exclude the possibility that Tilson had an interest or a role in Golden's operation at some other time.

(a) Tilson contends the trial court erred in denying his motion for summary judgment on Nahai's claims for fraud and deceit and for conspiracy to commit fraud and deceit. He argues that he cannot be held liable for these claims because he was not a party to the investment contract, actionable fraud cannot be based on statements and promises as to future events, and Nahai failed to exercise reasonable diligence in discovering that Golden did not own the property. We disagree.

> The five elements essential to a tort suit for damages resulting from a material misrepresentation constituting fraud are: (1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

(Citation omitted.) *Parrish v. Jackson W. Jones, P.C.*, 278 Ga. App. 645, 647-648 (2) (629 SE2d 468) (2006). "As the moving party on a motion for summary judgment, a defendant may pierce the plaintiff's pleadings by demonstrating that there is no issue of material fact as to at least one essential element of the plaintiff's prima facie case." (Citation and punctuation omitted.) Id. This Tilson has failed to do.

First, it is irrelevant that Tilson was not a party to the investment contract between Golden and Nahai. Nahai's fraud claims are not based on the breach of the investment contract but on the inducements made to convince her to enter into it. "Willful misrepresentation of a material fact, made to induce another to act, upon which such a person acts to his injury, will give him a right of

action." OCGA § 51-6-2 (a). See also *Preiser v. Jim Letts Oldsmobile*, 160 Ga. App. 658, 661 (1) (288 SE2d 219) (1981) (Where, "as here, the alleged fraud was the [intentional misrepresentation or] concealment of a material fact which induced a contract, the tort of fraud is complete when the contract is executed."). Nahai averred that Tilson held himself out as Grindley's business associate, that Tilson misrepresented that Golden owned the property, and that Tilson persuaded her to invest in the project and to sign the investment contract. Nahai also averred that Tilson was a part of a conspiracy[3] to defraud and, as such, is also responsible for Grindley's fraudulent misrepresentations. Thus, the fact that Tilson did not sign the agreement himself is irrelevant.

Second, Nahai's allegations of fraud are not based, as Tilson asserts, on mere promises as to future events. Nahai averred that Tilson and Grindley misrepresented that Golden owned the property, that Golden had the right to develop it, and that Golden had the right, power, and authority to enter into an investment contract with respect to that property. These are misrepresentations as to past or existing facts, not future promises, and are therefore actionable. *Infrasource v. Hahn Yalena Corp.*, 272 Ga. App. 703, 707 (2) (613 SE2d 144) (2005) ("It is axiomatic that a false representation made by a defendant, to be actionable, must relate to an existing fact or a past event.") (citation and punctuation omitted).

Third and finally, Tilson baldly asserts that if Nahai had checked the real estate records, she would have discovered that Golden did not own the property at issue. Tilson cites to nothing in the record, however, that would tend to show that Nahai failed to exercise due diligence in discovering the alleged fraud or that she was unjustified in relying on his misrepresentation as to ownership of the property. "The law is well established that [Nahai] as the non-movant was not required to produce any counter evidence or materials in affirmative support of [her] side of the issue until [Tilson] carried the burden placed upon him as the movant for summary judgment." (Citation omitted.) *Solomon v. Barnett*, 281 Ga. 130, 132 (636 SE2d 541) (2006). Ordinarily, "questions of . . . whether the plaintiff could have protected [herself] by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury." (Citations and

[3] A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy. (Citations and punctuation omitted.) *Mustaqeem-Graydon v. SunTrust Bank*, 258 Ga. App. 200, 207 (6) (573 SE2d 455) (2002).

punctuation omitted.) *Sanders v. Looney*, 247 Ga. 379, 381 (3) (276 SE2d 569) (1981). Given the record before us, Tilson has not shown that this is such a "plain and indisputable" case of unjustified reliance such that he was entitled to judgment as a matter of law. Consequently, the trial court did not err in denying him summary judgment as to Nahai's claims for fraud and deceit and conspiracy to commit fraud and deceit.

(b) Tilson contends the trial court erred in denying his motion for summary judgment on Nahai's claims for securities fraud. He argues that he cannot be held liable for these claims because the investment contract was not a security within the meaning of OCGA § 10-5-2, he was not a party to the investment contract, and Nahai failed to exercise reasonable diligence in discovering that Golden did not own the property. We disagree.

A "security" is defined to include an "investment contract." OCGA § 10-5-2 (31). As we noted in Division 1, the investment contract at issue arguably satisfies the elements of a security. Tilson has pointed to nothing in the record nor has he cited to any authority that would demand a finding that the investment contract is not a security. Consequently, the trial court did not err in denying summary judgment to Tilson on this basis. As to Tilson's contentions that he was not a party to the investment contract and that Nahai failed to exercise due diligence, we resolved these claims of error in Division 2 (a).

(c) Tilson contends the trial court should have granted him summary judgment based upon a finding that Nahai had failed to pierce the corporate veil of Golden, so that he could not be held liable for the corporation's actions given his assertion that he "is not a partner, officer, director, shareholder, or in any other way associated with [Golden]." According to the trial court's order, however, Tilson admitted that he was an officer, director, and shareholder of Golden in his original answer, a pleading he omitted from the record on appeal. Although Tilson later amended his answer to deny any affiliation with Golden, his original admission still has evidentiary value and gives rise to a material, disputed issue of fact precluding summary judgment. See *Wilson v. Ortiz*, 232 Ga. App. 191, 197-198 (3) (501 SE2d 247) (1998).

(d) Tilson contends the trial court should have granted him summary judgment on Nahai's claims for punitive damages and attorney fees. Again, Tilson asserts that Nahai's claims for punitive damages and attorney fees are barred because he was not a party to the contract. However, Nahai's claims for fraud and deceit, conspiracy, and securities fraud do not require that Tilson be a party to the contract, as explained in Division 2 (a).

With respect to the punitive damages sought, Nahai averred that

Tilson acted with specific intent to cause harm. Under OCGA § 51-12-5.1 (b), punitive damages may be awarded only where it is established by clear and convincing evidence that "the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." That Code section further limits punitive damages to a maximum of $250,000 for any tort action, unless the trier of fact finds that "the defendant acted, or failed to act, with the specific intent to cause harm." OCGA § 51-12-5.1 (f).

In this case, there is some evidence, although disputed, that Grindley and Tilson induced Nahai to enter into an investment contract for the development of commercial property that neither they nor Golden owned and that they absconded with her investment. Given these facts, a jury could infer that Tilson committed actual fraud, that is, that he had a specific intent to deceive, and, thus, that he had a specific intent to harm Nahai. See *McDaniel v. Elliott*, 269 Ga. 262 (497 SE2d 786) (1998) (A finding of specific "intent to cause harm" pursuant to OCGA § 51-12-5.1 (f) is inherent in the essential elements of such an intentional fraud.).

With respect to Nahai's claim for attorney fees, Tilson argues that he cannot be liable for fees because he was not a party to the investment contract. Of course, Nahai's claims for fraud and deceit, conspiracy, and securities fraud do not require that Tilson be a party to the contract, as we explained in Division 2 (a). Consequently, the trial court did not err in denying Tilson summary judgment as to Nahai's claims for punitive damages and attorney fees.

Because material, disputed issues of fact exist with respect to Nahai's claims for fraud and deceit, conspiracy to commit fraud and deceit, securities fraud, and punitive damages and attorney fees, the trial court did not err in denying Tilson's motion for summary judgment as to those claims.

*Judgments affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 7, 2009.

*Little & Crumly, Jonathan D. Crumly*, for appellant (case no. A09A1457).

*Wiseman, Blackburn & Futrell, Natasha D. Wilhite*, for appellant (case no. A09A1458).

*Marchman & Kasraie, Bijan Kasraie, Salmeh K. Fodor*, for appellee.