## A09A1459. GOLDEN ATLANTA SITE DEVELOPMENT, INC. v. R. NAHAI & SONS, INC.
## A09A1460. TILSON v. R. NAHAI & SONS, INC.

(683 SE2d 627)

ELLINGTON, Judge.

In Case No. A09A1459, Golden Atlanta Site Development, Inc. ("Golden"), appeals from an order of the State Court of Cobb County which granted summary judgment to plaintiff R. Nahai & Sons, Inc. ("Nahai & Sons") on its breach of contract claim. The court ordered Golden to refund $200,000 in earnest money Nahai & Sons paid to Golden pursuant to a real estate contract between the parties. Golden contends summary judgment was not authorized because Nahai & Sons breached the contract first. As more fully explained in Division 1, because Golden's claim of error is both meritless and frivolous, we affirm the grant of summary judgment and award Nahai & Sons $2,500 pursuant to Court of Appeals Rule 15 (b) and (c).

In Case No. A09A1460, Wayne Tilson, Golden's co-defendant below, cross-appeals, contending that the trial court erred in denying his motion for summary judgment on all of Nahai & Sons' claims against him. Because, as more fully explained in Division 2, disputed material issues of fact remain for jury resolution, we affirm the trial court's order denying Tilson's motion for summary judgment.

### Case No. A09A1459

1. Golden contends the trial court erred in granting summary judgment in Nahai & Sons' favor because Nahai & Sons first breached the real estate sales contract at issue by failing to satisfy a condition precedent of the contract which required the company to fund the commercial development of the property. We disagree.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). So viewed, the record reveals that Golden and Nahai & Sons entered into a contract for the sale of commercial real estate on August 16, 2005. In its pleadings, Golden admitted that it did not own the property on the date it executed the agreement, although it did acquire title to the property a month later. Nahai & Sons, as a condition of the contract, paid Golden $200,000 in earnest money. The contract provided that, in the event Golden failed to satisfy the terms of the contract, Nahai & Sons was entitled to the return of its earnest money. The contract required, as a condition precedent to closing on the sale, that Golden substantially complete the develop-

ment of the property by building a shopping center on it. Golden did not substantially complete the development of the property. When Golden failed to meet its contractual obligations, Nahai & Sons filed the instant complaint and sought summary judgment on its breach of contract claim. Based on this evidence, the trial court entered summary judgment in Nahai & Sons' favor for the return of its earnest money, plus interest and costs.

(a) Golden does not challenge the validity of the contract or the court's finding that the return of the earnest money was required by the terms of the contract. Rather, Golden argues that Nahai & Sons, by breaching the contract first, forfeited any right to recover its earnest money. Golden contends that Nahai & Sons was required by the contract to provide construction financing, but failed to do so. Golden, however, points to no record evidence supporting this contention and our review of the contract reveals no such condition precedent. Because Golden has failed to support its claim of error on appeal, the trial court's judgment is affirmed. *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999) ("A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed.") (footnote omitted).

(b) Court of Appeals Rule 15 (b) provides that this Court may impose a penalty not to exceed $2,500 against any party and/or any party's counsel in a civil case in which there is a direct appeal which is determined to be frivolous. When the law is indisputably clear concerning the issues raised on appeal, this Court may impose frivolous appeal penalties. See *Suchnick v. Southern Gen. Ins. Co.*, 196 Ga. App. 687, 688 (396 SE2d 609) (1990). Because Georgia law is indisputably clear on the appellant's burden of proof on appeal, and because Golden should have known that its own contract did not support its argument, we grant Nahai & Sons' motion for the imposition of a frivolous appeal penalty. The trial court is hereby directed to enter judgment for a $2,500 penalty against Golden and in favor of Nahai & Sons upon return of the remittitur.

### Case No. A09A1460

2. Wayne Tilson, Golden's co-defendant below, cross-appeals, contending that the trial court erred in denying his motion for summary judgment on Nahai & Sons' claims for theft by conversion, fraud and deceit, conspiracy to commit fraud and deceit, "piercing the corporate veil," punitive damages, and attorney fees and costs of litigation.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and

evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law.

(Citation omitted.) *Clo White Co. v. Lattimore*, 263 Ga. App. 839 (590 SE2d 381) (2003). Viewed in favor of Nahai & Sons as nonmovant, the record reveals the following relevant evidence.

In early August 2005, Wayne Tilson and Rouhollah Nahai, the chief executive officer of Nahai & Sons, Inc., entered into discussions concerning whether Nahai & Sons would invest in the development of commercial real estate located in Jackson, Georgia. Nahai had invested with Tilson and his business associate, George Grindley, in the past. Nahai stated in his affidavit that Tilson and Grindley represented to him that they were officers and part owners of Golden Atlanta Site Development, Inc. ("Golden"). Tilson admitted in his original answer that he was an officer, director, and shareholder in Golden. Tilson told Nahai that Golden owned the property that he and Grindley intended to develop, that Golden would construct a shopping center on the property it proposed to sell to Nahai & Sons, and that if Golden failed to complete the project as promised, it would refund Nahai & Sons its $200,000 earnest money deposit. These promises were reduced to writing, and Grindley and Nahai signed the real estate sales contract memorializing the deal. Tilson also signed an exhibit to the contract which memorialized his duty to complete the development of the shopping center, signing in his capacity as "Project Manager" for Golden. Nahai & Sons paid Golden $200,000 pursuant to the contract. However, unbeknownst to Nahai, Golden did not own the property at issue when it executed the contract. Golden failed to complete the shopping center as promised, and failed to return to Nahai & Sons its $200,000 in earnest money.

(a) Tilson contends the trial court erred in denying his motion for summary judgment on Nahai & Sons' claims for fraud and deceit and for conspiracy to commit fraud and deceit. He argues that he cannot be held liable for these claims because he was not a party to the real estate sales contract, actionable fraud cannot be based on statements and promises as to future events, and Nahai & Sons failed to exercise reasonable diligence in discovering that Golden did not own the property. We disagree.

The five elements essential to a tort suit for damages resulting from a material misrepresentation constituting fraud are: (1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he

made them intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

(Citation omitted.) *Parrish v. Jackson W. Jones, P.C.*, 278 Ga. App. 645, 647-648 (2) (629 SE2d 468) (2006). "As the moving party on a motion for summary judgment, a defendant may pierce the plaintiff's pleadings by demonstrating that there is no issue of material fact as to at least one essential element of the plaintiff's prima facie case." (Citation and punctuation omitted.) Id. This Tilson has failed to do.

First, it is irrelevant that Tilson was not a party to the real estate sales contract between Golden and Nahai & Sons. Nahai & Sons' fraud claims are not based on the breach of the real estate sales contract but on the inducements made to convince the company to enter into it. "Willful misrepresentation of a material fact, made to induce another to act, upon which such a person acts to his injury, will give him a right of action." OCGA § 51-6-2 (a). See also *Preiser v. Jim Letts Oldsmobile*, 160 Ga. App. 658, 661 (1) (288 SE2d 219) (1981) (Where, "as here, the alleged fraud was the [intentional misrepresentation or] concealment of a material fact which induced a contract, the tort of fraud is complete when the contract is executed."). Nahai & Sons averred that Tilson held himself out as Grindley's business associate, that Tilson misrepresented that Golden owned the property, and that Tilson persuaded it to invest its company's money in the project and to sign the real estate contract. Nahai & Sons also averred that Tilson was a part of a conspiracy[1] to defraud and, as such, is also responsible for Grindley's fraudulent misrepresentations. Thus, the fact that Tilson did not sign the agreement himself is irrelevant. See *Preiser v. Jim Letts Oldsmobile*, 160 Ga. App. at 661-662 (1).

Second, Nahai & Sons' allegations of fraud are not based, as Tilson asserts, on mere promises as to future events. Nahai & Sons averred that Tilson and Grindley misrepresented that Golden owned the property, that Golden had the right to develop it, and that Golden had the right, power, and authority to enter into a real estate sales contract with respect to that property. These are misrepresentations

---

[1] A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy.

(Citations and punctuation omitted.) *Mustaqeem-Graydon v. SunTrust Bank*, 258 Ga. App. 200, 207 (6) (573 SE2d 455) (2002).

as to past or existing facts, not future promises, and are therefore actionable. *Infrasource v. Hahn Yalena Corp.*, 272 Ga. App. 703, 707 (2) (613 SE2d 144) (2005) ("It is axiomatic that a false representation made by a defendant, to be actionable, must relate to an existing fact or a past event.") (citation and punctuation omitted).

Third and finally, Tilson baldly asserts that, if Nahai & Sons had checked the real estate records, the company would have discovered that Golden did not own the property at issue. Ordinarily, "questions of . . . whether the plaintiff could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury." (Citations and punctuation omitted.) *Sanders v. Looney*, 247 Ga. 379, 381 (3) (276 SE2d 569) (1981). The contract that Nahai & Sons executed required Golden to furnish proof of marketable title as a prerequisite to closing and, if it was unable to do so, it would refund any earnest money to Nahai & Sons. Given the terms of the contract, we cannot say that Tilson has shown that this is such a "plain and indisputable" case of unjustified reliance that he was entitled to judgment as a matter of law. Consequently, the trial court did not err in denying him summary judgment as to Nahai & Sons' claims for fraud and deceit and conspiracy to commit fraud and deceit.

(b) Tilson contends the trial court should have granted him summary judgment based upon a finding that Nahai & Sons had failed to pierce the corporate veil of Golden, so that he could not be held liable for the corporation's actions given his assertion that he "is not a partner, officer, director, shareholder, or in any other way associated with [Golden]." Tilson, however, signed an exhibit to the contract at issue on behalf of Golden in his capacity as "project manager." Further, Tilson admitted that he was an officer, director, and shareholder of Golden in his original answer. Although Tilson later amended his answer to deny any affiliation with Golden, his original admission still has evidentiary value and gives rise to a material, disputed issue of fact precluding summary judgment. See *Wilson v. Ortiz*, 232 Ga. App. 191, 197-198 (3) (501 SE2d 247) (1998).

(c) Tilson contends the trial court erred in denying his motion for summary judgment as to Nahai & Sons' claim for theft by conversion. The tort of conversion "involves an unauthorized assumption and exercise of the right of ownership over property belonging to another, in hostility of [his or] her rights; an act of dominion over the personal property of another inconsistent with [his or] her rights; or an unauthorized appropriation." (Footnote omitted.) *Both v. Frantz*, 278 Ga. App. 556, 557 (1) (629 SE2d 427) (2006).

Tilson does not argue that Nahai & Sons is unable, as a matter of law, to prove the essential elements of conversion against all defendants. Rather, Tilson asserts that he, personally, cannot be

liable for theft because he was not a party to the contract at issue and because Golden received Nahai & Sons' earnest money. However, as we more fully explained in Division 2 (a) and (b), disputed material issues of fact remain as to whether Tilson was an officer, shareholder, or director in Golden; whether Nahai & Sons may pierce Golden's corporate veil to reach Grindley and Tilson; and whether Tilson was involved in a conspiracy with Grindley to commit the torts alleged. Therefore, whether Tilson was a party to the contract or directly received the $200,000 earnest money is irrelevant to whether he can be held liable for theft by conversion.

(d) Tilson contends the trial court should have granted him summary judgment on Nahai & Sons' claims for punitive damages and attorney fees. Again, Tilson asserts that the claims for punitive damages and attorney fees are barred because he was not a party to the contract. However, Nahai & Sons' claims for fraud and deceit, conspiracy, and conversion do not require that Tilson be a party to the contract, as explained in Division 2 (a) through (c).

With respect to punitive damages, Nahai & Sons averred that Tilson acted with specific intent to cause harm. Under OCGA § 51-12-5.1 (b), punitive damages may be awarded only where it is established by clear and convincing evidence that "the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." That Code section further limits punitive damages to a maximum of $250,000 for any tort action, unless the trier of fact finds that "the defendant acted, or failed to act, with the specific intent to cause harm." OCGA § 51-12-5.1 (f).

In this case, there is some evidence, although disputed, that Grindley and Tilson induced Nahai & Sons to enter into a contract for the sale of commercial property that neither they nor Golden owned and that they absconded with Nahai & Sons' earnest money. Given these facts, a jury could infer that Tilson committed actual fraud, that is, that he had a specific intent to deceive, and, thus, that he had a specific intent to harm Nahai & Sons. See *McDaniel v. Elliott*, 269 Ga. 262 (497 SE2d 786) (1998) (A finding of specific "intent to cause harm" pursuant to OCGA § 51-12-5.1 (f) is inherent in the essential elements of such an intentional fraud.).

With respect to Nahai & Sons' claim for attorney fees, Tilson argues that he cannot be liable for fees because he was not a party to the contract. Of course, Nahai & Sons' claims for fraud and deceit, conspiracy, and conversion do not require that Tilson be a party to the contract, as we explained in Division 2 (a) through (c). Consequently, the trial court did not err in denying Tilson's motion for

summary judgment as to Nahai & Sons' claims for punitive damages and attorney fees.

Because material, disputed issues of fact exist with respect to Nahai & Sons' claims for fraud and deceit, conspiracy to commit fraud and deceit, theft by conversion, and punitive damages and attorney fees, the trial court did not err in denying Tilson's motion for summary judgment as to those claims.

*Judgments affirmed. Johnson, P. J., and Mikell, J., concur.*

## DECIDED AUGUST 7, 2009.

*Little & Crumly, Jonathan D. Crumly*, for appellant (case no. A09A1459).

*Wiseman, Blackburn & Futrell, Natasha D. Wilhite*, for appellant (case no. A09A1460).

*Marchman & Kasraie, Bijan Kasraie, Salmeh K. Fodor*, for appellee.