# Court of Appeals
# of the State of Georgia

ATLANTA,  July 26, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0397. JOHN TAYLOR et al. v. BLACKSTONE RESIDENTIAL OPERATING PARTNERSHIP, LP.**

John Taylor and all other occupants of a residential property in Henry County are before this Court once more, this time purportedly seeking discretionary review of a June 2024 superior court order finding that a writ of possession entered in July 2022 has not expired. Taylor's arguments, however, relate solely to whether the July 2022 writ was valid in the first place. We have already considered, and rejected, Taylor's arguments considering the validity of the July 2022 writ in his prior appeals. Respondent Blackstone Residential Operating Partnership, LP, has filed a motion for sanctions on the grounds that this is a frivolous application. For reasons that follow, we dismiss the application and grant Blackstone's motion for sanctions.

Blackstone bought the property at a foreclosure sale in December 2020. In February 2021, Blackstone filed a dispossessory action in magistrate court against Taylor and all other occupants. After a trial, the magistrate court entered judgment in favor of Blackstone. Taylor appealed to the superior court, which granted summary judgment and a writ of possession to Blackstone. Taylor then filed a motion for new trial, which the superior court denied. Taylor applied for discretionary review in this Court, but we dismissed the application as untimely. See Case No. A22D0424 (June 24, 2022). Taylor applied for review in the Supreme Court, which denied his petition for certiorari and dismissed his motion for reconsideration. See Case No. S22C1260 (decided Mar. 21, 2023; reconsideration dismissed Apr. 18, 2023).

Meanwhile, in July 2022, the superior court issued a new writ of possession, but

the sheriff's office refused to execute it because of Taylor's pending certiorari petition. Taylor filed another discretionary application in this Court seeking to appeal the new writ of possession. Taylor made five arguments: (1) summary judgment is not appropriate in a dispossessory action; (2) Blackstone failed to make a demand for possession; (3) the parties did not have a landlord-tenant relationship; (4) Blackstone failed to swear the dispossessory warrant under oath; and (5) it was error to allow a substitution of the plaintiff. We denied that application. See Case No. A23D0006 (Aug. 11, 2022).

In April 2023, the superior court issued an order requiring Taylor to post a supersedeas bond. That same day, the superior court issued another order holding Taylor's attorney, Clifford Hardwick, IV, in contempt for failing to appear for a hearing. Taylor appealed these orders directly to this Court, but we dismissed the appeal for lack of jurisdiction. See Case No. A23A1494 (June 1, 2023). In our dismissal order, we advised Taylor that he could not challenge the July 2022 writ "given this Court's prior denial of [his] application for discretionary review of that ruling[,]" which was a decision on the merits. Taylor sought review of our decision in the Supreme Court, which ultimately denied his certiorari petition and dismissed his motion for reconsideration. See Case No. S23C1099 (decided Dec. 19, 2023; reconsideration dismissed Feb. 6, 2024).

In July 2023, Taylor filed a "Notice of Writ of Possession Expiration Pursuant to OCGA § 44-7-55" in the superior court, claiming that the July 2022 writ of possession had expired. In May 2024, after all of Taylor's appeals had ended, Blackstone renewed its efforts to execute the July 2022 writ of possession, but the sheriff's office again declined to proceed in light of Taylor's notice claiming that the writ had expired. In June 2024, the superior court entered an "Order on Notice of Writ of Possession Expiration Pursuant to OCGA § 44-7-55," ruling that the July 2022 writ of possession had not expired and could be enforced by the sheriff's office.

Taylor then filed this application for discretionary appeal arguing that the trial court erred by entering the July 2022 writ. This application is nearly identical to the one Taylor filed in Case No. A23D0006 and makes the same five arguments against the July 2022 writ of possession. This application does not challenge the court's June 2024 order, ruling that the writ has not expired, at all. However, as we explained in our order dismissing Taylor's direct appeal in Case No. A23A1494, Taylor cannot challenge the July 2022 writ in light of our previous denial of his application for discretionary review of that writ. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003) ("when [an appellate court] examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits [and] the order denying the application is res judicata with respect to the substance of the requested review"). See also *Hook v. Bergen*, 286 Ga. App. 258, 260-261 (1) (649 SE2d 313) (2007). Because res judicata bars our consideration of Taylor's arguments in this application, the application is hereby DISMISSED.

Blackstone has filed a motion for sanctions based on Taylor's repeated frivolous filings in this case. Under Court of Appeals Rule 7 (e) (2), this Court may "impose a penalty not to exceed $2,500 against any party and/or a party's counsel in any civil case in which there is a direct appeal, application for discretionary appeal, application for interlocutory appeal, or motion that is determined to be frivolous." A frivolous appeal penalty is authorized "in cases where the appellant could have no reasonable basis for anticipating reversal of the trial court's judgment." *Trevino v. Flanders*, 231 Ga. App. 782, 783 (2) (501 SE2d 13) (1998). See also *Golden Atlanta Site Development*

---

[1] The next day, the superior court entered a second order finding that Taylor and Hardwick had filed numerous frivolous appeals and applications in the case and enjoining them from filing further challenges to the July 2022 writ of possession without prior court permission. Taylor seeks to appeal that order in a separate application for discretionary appeal. See Case No. A24D0399.

*v. R. Nahai & Sons*, 299 Ga. App. 654, 655 (1) (b) (683 SE2d 627) (2009) ("When the law is indisputably clear concerning the issues raised on appeal, this Court may impose frivolous appeal penalties."). Here, Taylor and his counsel, Clifford Hardwick, IV, could have no reasonable basis for believing we would grant this application because it merely reiterates, almost verbatim, the same arguments that were made — and rejected — in Case No. A23D0006. Further, as noted, we explained in our dismissal of Case No. A23A1494 that res judicata precludes relitigation of the July 2022 writ of possession. Taylor was therefore on notice that he could not continue to seek review of the July 2022 writ — yet that is precisely what he tries to do here.

Accordingly, we find that this application is frivolous, and we assess frivolous appeal penalties under Court of Appeals Rule 7 (e) (2) in the amount of $1,250 against Taylor and $1,250 against Hardwick. The superior court is DIRECTED to enter a money judgment in favor of Blackstone and against Taylor and Hardwick in these amounts. See Court of Appeals Rule 7 (e) (3).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  07/26/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*